CHARLES DAWSON ET AL. V. MARIAN A. TREMAINE.

*Waste by life tenant—Action at law—Equitable remedy—Priorities—Damages.*

The remedy for waste, committed by the owner of a life-estate in land charged with the payment of a legacy on the termination of the life-estate, is in equity, where further waste can be enjoined, and damages awarded for the waste committed, which will be held, so far as necessary, for the benefit of the legatee, whose claim must be paid before the remainder-men take.

Error to Eaton. (Hooker, J.) Argued October 6, 1892. Decided October 27, 1892.

Case for waste. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Maynard & Shaull,* for appellant.

*Huggett & Smith,* for defendant.

GRANT, J. The will of one William Dawson, the former husband of defendant, contained the following provisions:

"1. I give, devise, and bequeath all of my personal estate, goods, and chattels, of what nature or kind soever, to my beloved wife, Marian A. Dawson, after paying my just debts.

"2. I give, devise, and bequeath to my wife, Marian A. Dawson, all of my real estate of every kind, and wheresoever situated, to be used and enjoyed for and during the full term of her natural life.

"3. I give and devise to my sister-in-law, Annie Sherman, her heirs and assigns, the sum of five hundred dollars, to be paid to her at the death of my said wife.

"4. I give and devise all of the rest, residue, and remainder of all my real estate to the children of my sister, Mary Jane Mikesell, and my brother, Jacob Dawson, their

heirs and assigns, to be divided equally between them, share and share alike."

Plaintiffs, who are the children of Mary Jane Mikesell and Jacob Dawson, brought this action for waste, under section 7940, How. Stat. The evidence on the part of the plaintiffs tended to show that the defendant had removed all the timber upon 8½ acres of land, and had cleared it for farming purposes in a husbandlike manner; that a wood lot of 13 acres remained; that some of the timber cut was used upon the place for repairs, but the greater part was taken away; that about 125 large trees, and 500 to 600 saplings, not exceeding 6 inches in diameter, were cut; that the large trees were scattered over the entire wood lot; that a portion of the land cleared was swamp, and fit for nothing until cleared by the defendant. The farm consisted of 80 acres. One-half of it was mortgaged for $1,000 by the testator. The evidence also tended to show that the cutting of this timber was not in accordance with good husbandry.

At the conclusion of the plaintiffs' evidence the court, upon motion of defendant's counsel, directed a verdict for the defendant, upon the ground that the will gave the defendant a life-estate, without impeachment for waste, and that the only waste for which defendant would in any manner be liable would be equitable waste, for which the only remedy of the plaintiffs would be in chancery, to restrain her from committing further waste.

It is unnecessary to determine whether the defendant, under the terms of this will, was dispunishable for waste. The plaintiffs cannot, under the circumstances of this case, maintain an action at law. Their remedy is in equity, where the defendant may be restrained from the commission of further waste, and damages allowed for the waste already committed. 2 Wood, Landl. & Ten. § 426.

Under the terms of the will the devise to Annie Sherman is a charge upon the real estate, and must be paid before there can be any residue or remainder for the devisees in the fourth clause.   In the case of land chiefly valuable for its timber, if the· remainder-men could maintain an action at law for waste, the result might be to defeat the devise which is given priority.   In such a case equity will hold the damages collected for the benefit of the devisee, who must be paid before the remainder-men take.

The judgment is affirmed.

The other Justices concurred.

Rehearing was ordered on application of plaintiffs, and the case reargued November 15, 1892.   Upon December 24, 1892, the following opinion was filed:

PER CURIAM.   Since the rehearing in this case we have again carefully examined the facts and the law, and find no reason to change our former opinion.

The judgment is therefore affirmed.