SCHUMAN v. SCHUMAN.

1. EQUITY—DEFAULT JUDGMENT — SETTING ASIDE — WASTE — FOR-
FEITURE.
    In a suit by a son to forfeit for waste the life estate
    which his father had reserved in land conveyed by him
    to the son, plaintiff's default judgment should have been
    set aside and the case heard upon the merits, upon de-
    fendant's motion and cross-bill, in view of the fact that
    defendant is about 80 years of age, that he is in poverty,
    that plaintiff is his son, that he stripped himself of all
    of his property and assumed burdens by way of upkeep
    and taxes greater than he could bear, and that he charged
    fraud in the procurement of the conveyance in his cross-
    bill.

2. APPEAL AND ERROR—ISSUES OF FACT FOR LOWER COURT.
    Since the case involves issues of fact, the Supreme Court
    may not take the affidavits and answer of defendant as
    true and enter decree here setting aside plaintiff's deed
    on condition that defendant repay plaintiff the taxes which
    he has paid, with interest.

3. SAME—APPEAL FROM DECREE BRINGS UP WHOLE MATTER FOR
REVIEW.
    Plaintiff's contention that, the order of the court below
    refusing to set aside the default, being a final order,
    was appealable, and that it may not be reviewed on
    appeal from the decree entered, is without merit, since
    the appeal brings the whole matter up for review, in-
    cluding the power of the chancery court to declare a for-
    feiture of a life lease where the parties have not so
    provided in the lease.

4. WASTE—REMEDY—STATUTES—FORFEITURE FOR WASTE.
    The action of waste under the old English practice, in-
    volving a recovery of the premises injured, does not pre-
    vail in this State, but the remedy is by action on the case
    (3 Comp. Laws 1915, § 14940).

5. SAME—EQUITY MAY RESTRAIN WASTE—FORFEITURE FOR WASTE
NOT AUTHORIZED.

However, a court of equity has power to restrain waste and
allow damages for waste already committed, but the
satisfaction for waste committed cannot by decree be made
to extend to forfeiture of the estate unless the parties have
so agreed.

6. LIFE ESTATES — COVENANTS — CONDITIONS SUBSEQUENT — FOR-
FEITURE FOR WASTE NOT AUTHORIZED.

If the agreement of the life tenant to pay the taxes and
upkeep of the premises be held to be in the nature of
a covenant, a breach thereof would not authorize a court
of equity to declare a forfeiture, nor, if it be considered
as a condition subsequent, would nonperformance work
a forfeiture, where forfeiture was not provided for in the
lease.

Appeal from Bay; Houghton (Samuel G.), J.   Sub-
mitted October 12, 1921.   (Docket No. 103.)   De-
cided December 22, 1921.

Bill by George Schuman against Christopher Schu-
man and another for the forfeiture of a life lease.
From a decree for plaintiff, defendants appeal.   Re-
versed and remanded.

*Gilbert W. Hand,* for plaintiff.

*Kinnane, Black & Leibrand,* for defendants.

WIEST, J.   December 28, 1900, defendant Christo-
pher Schuman, then unmarried, deeded to the plaintiff,
his son, 40 acres of land near Bay City, and took back
a life lease in which he agreed to pay all taxes and
assessments and to keep the premises in repair.   Hav-
ing deeded away his property he got married and is
now 80 years of age and helpless and penniless.
Claiming that his father committed waste in cutting
trees and in neglecting the place and removing some
buildings and that he had not paid the taxes for

several years, plaintiff filed the bill herein to have an account taken of the damages and the leasehold rights of his father in the premises forfeited. Defendants duly appeared by counsel but filed no answer and the bill was taken as confessed, and upon the hearing a decree was granted and signed finding Christopher Schuman guilty of waste to the extent of $1,000 and of failure to pay the taxes, and that such conduct warranted a forfeiture of all rights under the lease, and adjudged a forfeiture of all his right, title and interest in and to the premises, and ordered the same to be immediately surrendered to plaintiff.

Defendant Christopher Schuman not surrendering the premises, plaintiff applied for and obtained an order that he show cause why he should not be punished for contempt. Thereupon defendants obtained a substitution of attorneys and made a motion to set aside the decree and default because the decree was settled and signed without any notice to defendants or their attorneys; because the defendants were aged, ill, infirm and poor and could not procure the money with which to pay their attorneys, by reason of which the preparation of their answer to said bill of complaint was delayed until after their default had been entered; because the decree is invalid in that a court of chancery cannot decree a forfeiture in the absence of an agreement stipulating therefor, and because the defendants have a meritorious defense to the whole of plaintiff's cause of action, as more fully set forth in their sworn answer and cross-bill submitted with the motion.

In the answer Christopher Schuman alleged he was about 80 years of age and feeble and in poor health; that he has no education and cannot even write his own name; that the land in suit was his homestead; that in December, 1900, he became engaged to be married to his codefendant, and that plaintiff induced

him to postpone the marriage for a few days and to convey to him the 20 acres of land on the west side of the road to be held by the plaintiff for defendant so that he would not lose the same in the event of any trouble with his intended wife, and that he would need some one to take care of him as he grew older, and in consideration of conveying the said 20 acres of land to the plaintiff, plaintiff agreed that, whenever defendant was in need, he would take care of him and furnish him with the necessaries of life, and that he would give defendant a life lease of the property, and that plaintiff would support defendant and pay the taxes when he became unable to pay the same; that plaintiff practiced a fraud upon him in the preparation of said deed by having the same also include 20 acres of land on the east side of the road; that all of the buildings on the east side of the road, except a blacksmith shop built of rough lumber, were consumed by an accidental fire.    Defendant denies having committed waste, but admits that on account of lack of funds and by reason of illness and inability to work and the failure of plaintiff to keep his promises to support and assist defendant, it is true that the property generally is out of repair.    He admits that he has not paid the taxes for the years 1916, 1917 and 1918, and claims he relied upon the promise of the plaintiff to pay them.

In the cross-bill defendant Christopher Schuman sets up the claim of fraud on the part of plaintiff in procuring the transfer and the promise of plaintiff to support him and to pay the taxes and asks the court to set aside the deed.

The circuit judge, being of the opinion that defendants had had every opportunity to be heard and had not availed themselves thereof, refused to set the default aside, but did set the decree aside because of failure to give notice of its settlement.    Thereupon

notice of the settlement of the decree was given and defendants appeared and objected thereto. And the court re-entered the decree and ordered:

"That said original decree be, and the same is hereby settled as of the date of this order, and said decree is hereby amended to date on May 23, 1921."

Having in mind the age of defendant Christopher Schuman, and his poverty, and the fact that the plaintiff is his son and that the father stripped himself of all of his property and assumed a burden hardly capable of accomplishment, and having in mind the fraud charged in the answer, we are of the opinion that the decree and the default should have been set aside and the case heard upon the merits. The aged, while not wards of the court, strictly speaking, yet their interests are of tender concern to a court of equity.

Counsel for defendants ask that we take the affidavits and answer of the defendants as true and enter decree here setting aside the plaintiff's deed on condition that the defendants repay plaintiff the taxes which he has paid, together with interest. This we must decline to do. The case involves issues of fact.

The plaintiff insists that the order of the circuit judge, refusing to set the default of defendants aside, was a final order from which an appeal might have been taken, but notice of appeal states an appeal from the decree or order. We need spend no time upon this point; defendants are to be commended and not condemned for bringing the whole matter up on one appeal rather than piecemeal.

The appeal brings up the question of the power of the court of chancery to declare a forfeiture of a life lease in case the parties have not provided for a forfeiture in the lease. It is claimed in behalf of plaintiff that equity has jurisdiction to enjoin waste and to take an account of the damages occasioned by past

waste, and the familiar rule is invoked that when equity has obtained jurisdiction of a case for any purpose of relief it will retain it for the purpose of full relief. This brings us back to the question of whether equity will declare a forfeiture in a case where the parties have not provided for a forfeiture. No case is cited in which a court of equity has done so in case of waste and our research has disclosed none in this country outside of where there is statutory provision therefor.

In Kentucky the statute provides for judgment of forfeiture, and it has there been held that such forfeiture may be enforced in equity. *Smith* v. *Mattingly,* 96 Ky. 228 (28 S. W. 503).

In *Brown* v. *Martin,* 137 Ga. 338 (73 S. E. 495, 39 L. R. A. [N. S.] 16), a forfeiture of a life estate was granted for waste but it was in an action at law and under the provisions of a statute and the court was careful to state:

"The suit in the present case is based purely on this statute. It is in no sense an equitable action and no equitable features are involved. * * * It might here be remarked that no equity jurisdiction can attach with respect to legal waste except for the purposes of injunction."

It is stated in *Padelford* v. *Padelford,* 7 Pick. (Mass.) 152, that in Massachusetts the statute provides for a forfeiture. At common law, previous to the statute of Gloucester, there was no forfeiture for waste. *Chipman* v. *Emeric,* 3 Cal. 273.

The action under the statute of Gloucester to recover the premises injured fell into disuse in England and was abolished by the statute of 3d and 4th of William IV., chap. 27. *Lee* v. *Payne,* 4 Mich. 116. See, also, *Stevens* v. *Rose,* 69 Mich. 259, 269.

It is clear that the action of waste under the old English practice, involving a recovery of the premises

injured, does not prevail in this State, and that the remedy is by action on the case. 3 Comp. Laws 1915, § 14940; *Lee* v. *Payne, supra; Stevens* v. *Rose, supra; Duncombe* v. *Felt,* 81 Mich. 332, 338. This, however, does not interfere with the power of the court of equity to restrain waste and allow damages for waste already committed. *Dawson* v. *Tremaine,* 93 Mich. 320; *Hodges* v. *Buell,* 134 Mich. 162; *Anstays* v. *Anderson,* 194 Mich. 1. But the satisfaction for waste committed cannot by decree be made to extend to forfeiture of the estate unless the parties have so agreed.

The life lease signed by plaintiff and defendant Christopher Schuman provided:

"The said Christopher Schuman hereby agrees to pay all taxes and assessments that shall be at any time levied or assessed upon the said property heretofore described, and as the same shall fall due, and to keep said premises in good repair and condition during his life."

If this agreement on the part of the defendant Christopher Schuman be held in the nature of a covenant then the plaintiff must accept the usual remedy afforded, and a breach of the covenant, in the absence of an agreement to such effect, would not authorize the court of equity to declare a forfeiture. If the language of the lease be considered as providing conditions subsequent, then, there being no forfeiture provided, the nonperformance of the conditions worked no forfeiture and equity cannot declare one.

"No rule is better settled than that a court of equity will not lend its aid to enforce a forfeiture because of a breach of a condition subsequent in a deed." *Douglas* v. *Insurance Co.,* 127 Ill. 101 (20 N. E. 51).

See *Hanaw* v. *Bailey,* 83 Mich. 24 (9 L. R. A. 801); *Pickard* v. *Kleis,* 56 Mich. 604; *Langley* v. *Ross,* 55 Mich. 163.

In *Phelan* v. *Boylan,* 25 Wis. 679, it was held that a tenant for life who neglects to pay taxes which accrue after his tenancy commences is liable to an action of waste, but under the laws of the State, judgment for waste is not accompanied by forfeiture of the estate, and whether equity would interfere on the ground of such neglect was questioned. Equity will not lend its aid to divest an estate for a breach of a condition subsequent and thereby enforce a forfeiture. *Smith* v. *Jewett,* 40 N. H. 530.

In *Williard* v. *Williard,* 56 Pa. St. 119, Judge Agnew said:

"I remember of no case of forfeiture of a life estate by waste expressly decided. Forfeitures are not favored; and, looking at the condition of the country, the habits of the people and the ample statutory remedies provided, it may be doubtful whether the doctrine would be applicable to our circumstances."

This court has not been silent upon the subject. Equity will not declare and enforce a forfeiture. *Crane* v. *Dwyer,* 9 Mich. 350; *White* v. *Railway Co.,* 13 Mich. 356; *Watrous* v. *Allen,* 57 Mich. 362.

3 Story's Eq. Jur. (14th Ed.) § 1732, states the rule and cites ample authority in support thereof:

"In the next place in regard to cases of forfeitures. It is a universal rule in equity never to enforce either a penalty or a forfeiture. Therefore courts of equity will never aid in the devesting of an estate for a breach of a covenant on a condition subsequent, although they will often interfere to prevent the devesting of an estate for a breach of a covenant or condition."

We think the court should have set aside the decree and default and have granted defendants the right to file their answer and cross-bill and to have the case heard upon the merits. The decree entered grants a forfeiture in a case where the parties have not stipulated for one, and for that reason should be vacated.

The decree is set aside and also the default of the defendants, and defendants are granted leave to file their answer and cross-bill, and plaintiff is given 15 days after service in which to answer the cross-bill. The case is remanded for hearing upon the merits, with costs of this court to the defendants to be taxed.

STEERE, C. J., and STONE, CLARK, BIRD, and SHARPE, JJ., concurred.   MOORE and FELLOWS, JJ., did not sit.