(No. 29336.— )
BENJAMIN W. WISE *et al.*, Appellees, *vs.* POTOMAC NA-
TIONAL BANK *et al.*, Appellants.

*Opinion filed March 20, 1946*

358

STEELY, STEELY, GRAHAM & DYSERT, and HUTTON, CLARK & HUTTON, (H. ERNEST HUTTON, and BENJAMIN I. NORWOOD, JR., of counsel,) all of Danville, for appellants.

REARICK & REARICK, of Danville, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here by transfer from the Appellate Court for the Third District on the ground that a freehold is involved. Appellants seek the reversal of a decree of the circuit court of Vermilion county awarding appellees, in their own right and as representatives of the interests of any and all persons not in being who could or might hereafter be entitled to some remainder interest in the subject matter, damages for waste in the sum of $3000, and enjoining further waste by appellants. Judgment was entered against the Potomac National Bank of Potomac, Illinois, a corporation, and Albert Rice as liquidating agent for the said bank and not individually. The waste found committed by appellants was upon the land in which appellees and those represented by them claim an interest in fee in the remainder. It was ordered that the judgment be paid to the clerk of the court to be held by him until the further order of the court directing its disposition. An injunction was granted restraining and enjoining appellants from committing or suffering any waste upon the lands involved, to the detriment of appellees and those represented by them, from the date of the order henceforth, and for costs. Appellant bank is a national bank and was, at the time of the filing of this suit and prior thereto, in voluntary liquidation. Appellant Rice was its liquidator. Numerous errors and cross errors are assigned, which will be discussed herein.

Appellees' complaint alleged that by the will of Benjamin D. Wise a life estate in land, in excess of two hundred acres, in Vermilion county, (describing it,) was vested

360

in Elmer J. Wise with remainder in fee to the heirs of his body; that Elmer J. Wise is still living and appellees are two of this three living children; that appellees acquired the interest of Doris Wise Hubbard, the other child of Elmer J. Wise, by quitclaim deed and that they own the remainder, after the termination of the life estate, subject to letting in after-born children; that the life estate of Elmer J. Wise was acquired by appellant bank through a judgment against Elmer J. Wise and that appellants are in possession of said land. The complaint described the improvements thereon, alleged various acts of waste and prayed for an injunction, pending the hearing, restraining further waste, and a decree declaring a forfeiture of the title of appellants and assessing damages for waste; or in the alternative that appellants be permanently enjoined from committing waste and made answerable for damages theretofore committed by them.

Appellants moved to dismiss the complaint on the ground that it failed to set forth a cause of action and the further ground that appellees have no interest in or title to the real estate. This motion was overruled and appellants filed an answer in which they denied title and interest of appellees in the land, denied the commission of waste as alleged in the complaint and denied the right of appellees to any of the relief prayed for. A hearing was had before the chancellor, after which he appointed a trustee for the protection of the interest of any unborn heirs of the body of Elmer J. Wise. After a trustee was appointed, appellants sought leave to file an amended answer. This was denied and the decree above referred to was entered.

Appellants' first contention is that as the complaint does not aver and the evidence does not show that appellees, before instituting this suit, presented their claim to the bank, its liquidating agent or the Comptroller of the Currency, for allowance, and that the same was rejected, they are precluded from recovery and it was error to refuse to

dismiss the complaint. In support of this contention appellants insist that the plan of liquidation of national banks is prescribed by Federal law and is a plan of uniform application to conserve assets, reduce expenses of liquidation to a minimum and preserve for distribution among the bank's creditors its assets sufficient to pay all just claims in full or pro rata in as large an amount as possible, and so, before a suit may be instituted by a claimant he must allege and prove that he has presented his claim as above indicated, and that it has been disallowed. With this broad statement we cannot agree. When a national bank voluntarily goes into liquidation, as here, it retains its corporate existence, may sue and be sued, and the effect of a judgment against it is only to fix the amount of the debt. *Central National Bank* v. *Connecticut Mutual Life Ins. Co.* 104 U. S. 54, 26 L. ed. 693; *Merchants' National Bank* v. *National Bank of Lillington,* 231 Fed. 556.

An action for waste presents an issue of fact as to whether waste has been permitted and, if waste is established, the extent of the damage resulting therefrom. There was also here an action for injunction to prevent further waste as well as for damages to the land and buildings from the waste committed prior to the institution of the suit. The remedy against waste by injunction is fully established, and has not only virtually superseded the old common-law "action of waste" but has, to a great extent, taken the place of the "action on the case" for damages. An injunction may be granted in all cases where a legal action would lie to recover possession of the land wasted, or to recover damages. (4 Pomeroy's Equity Jurisprudence (5th. ed) sec. 1348.) The trial court did not err in denying appellants' motion to dismiss.

Appellants next contend that the chancellor erred in granting an injunction against the bank and its liquidating agent and in rendering judgment for the amount found, and in issuing a mandate to pay the same to the clerk of

the court. The first contention under the above assignment of error is that the decree, by ordering that the judgment be paid to the clerk of the court, to be held until further order of the court, attempted to create a preference in favor of appellees over all other claimants against the bank. We believe appellants misconstrue the effect of the decree in this regard. The decree did not order, execution to issue. It found the amount due from the bank and its liquidator, but not from him personally, and by reason of the fact, as shown by the decree, that there may be other heirs of the body of Elmer J. Wise at the time of his death and so appellees would not, in such a situation, be entitled to all the proceeds of the judgment, if and when paid, directed that the judgment be paid to the clerk. No preferences were established and the matter of preference will arise, if at all, when and if it is attempted to establish such preference. That question is not before us and is not decided. Though it is said that the liquidator is not a necessary party, yet he is the party in actual custody and management of the farm, and whether a party or not, a judgment or decree against the bank is binding upon the liquidator in the absence of fraud or collusion. (*Denton v. Baker*, 79 Fed. 189.) The money judgment against appellant as liquidator expressly provides that it is not against him personally. It was not error to enter the decree in this form. It is next contended that the decree erroneously grants an injunction against the bank and also against the liquidator. This contention is based upon the theory that under the national banking laws no State court has jurisdiction or right to enjoin an action of a bank in liquidation or to enjoin an action of the liquidating agent in his official capacity. As we have heretofore stated, a national bank in voluntary liquidation retains its corporate existence and can sue and be sued. If it may be sued for its debts, it also may be sued and enjoined from committing waste on property which it has in its possession, in which

others have an interest to be enjoyed after the bank's rights therein have terminated. It would be most inequitable to hold that a bank in voluntary liquidation is privileged to so use property, in which others have an interest, for its own benefit as to leave it worthless or of less value when its rights thereto are terminated, and that a court of equity can do nothing about it. A bank in a state of liquidation is not for that reason immune from liability for its wrongs. Were the appellant bank in involuntary liquidation and a United States court had assumed jurisdiction over its liquidation, a different situation would be presented.

The liquidator insists it was error to enjoin him as liquidating agent. He testified he had the management of the farm in his capacity as liquidator. The testimony showed that waste had been committed since he assumed his duties as liquidator. We see no error in including him in the injunction in his capacity as liquidator, since he is the one responsible for the waste which occurred after he assumed his duties.

Complaint is made that the decree is too broad as it enjoins against any waste. An injunction may be modified at any time if and when attention is called to the court issuing it that its provisions are too broad, and such is shown to be true.

It is contended that this suit in chancery was instituted for the purpose of depriving appellants of a jury trial. A court of law has no jurisdiction to issue an injunction. When an injunction is sought to stop waste, equity will do complete justice and settle the damages, if any, in the same suit. There is no merit to this contention.

It is next insisted that it was error to deny appellants permission to amend their answer by alleging the net income of the land and in refusing to hear proof on such allegations. As to this contention it is sufficient to say that net earnings of the land have nothing to do with the question of damages to land and building due to waste.

The responsibility of the holder of a life interest to avoid waste is one to the remaindermen and waste does not depend upon the income from the land. The holder of that interest bears that responsibility because of the interest of the remainderman and it is not dependent upon whether he makes profit from the use of the land. Nothing in the record indicates that the amendment offered or the proof proposed would in any way assist the chancellor in determining whether waste had been committed or permitted, or the amount of damage by reason thereof. It was not error to deny leave to amend the answer and to hear further testimony after the hearing had been closed.

It is objected that the chancellor viewed the land out of the presence of the parties or their counsel. The record shows that counsel expressed a desire that the chancellor view the premises, either in company with counsel or alone. The chancellor saw fit to view the premises without counsel being present. We see no error in so doing.

It is next urged that the decree is erroneous in that it found that appellees were vested with the fee in remainder to the lands involved. Counsel's argument is based upon two grounds; first, they say no evidence was introduced to show what the intention of Benjamin D. Wise, the testator, was, in the words of his will: "I give and devise to my son Elmer J. Wise and the heirs of his body, the following described real estate, [describing it];" and, second, at no place in the will was it stated that the gift to Elmer J. was for life, nor that the remainder, subject to the life estate of Elmer, was given to the heirs of his body. Their argument is that under authority of *Duffield* v. *Duffield,* 268 Ill. 29, Elmer J. Wise owned the fee, and the sale to appellant bank vested title in fee in it. The *Duffield case* does not aid appellants. That case involved a deed and not a will. It was expressly pointed out in the opinion in that case that the rule of construction of wills

allows a greater latitude than in deeds, and the court in looking at the entire will may find and effectuate the intent. (*Butler* v. *Huestis,* 68 Ill. 594.) This rule, as applied to wills, has become firmly established in the law. (*Wallace* v. *Noland,* 246 Ill. 535; *Barnett* v. *Barnett,* 117 Md. 265; Ann. cases 1913 e- 1284.) In a deed the grantor is presumed to intend what the words of the deed import, and the same license of construction permitted in the case of wills is not allowed. *Duffield* v. *Duffield,* 268 Ill. 29.

By the common law, under the will of Benjamin D. Wise, his son Elmer J. would have been seized in fee tail of the lands devised to him, but by section 6 of the Conveyance Act, (Ill. Rev. Stat. 1945, chap. 30, par. 5,) he became seized thereof for his natural life, only, with remainder in fee absolute to the person to whom the estate tail would, on the death of the first devisee, pass, according to the course of the common law, by virtue of the devise. By the statute, the effect of the devise was the same as though the testator had in specific terms devised a life estate to Elmer J. with remainder in fee to the heirs of his body, and this court has consistently treated such a devise as though it had been so expressed. (*Lewin* v. *Bell,* 285 Ill. 227; *Moore* v. *Reddel,* 259 Ill. 36; *Frazer* v. *Board of Supervisors of Peoria County,* 74 Ill. 282.) Appellees' interest in the real estate in question is in fee simple as tenants in common, subject to be opened to admit afterborn children of Elmer J. Wise, and subject to the life interest of Elmer J. Wise held by appellant bank, during the remainder of the life of Wise. No error has intervened in this regard.

It is also argued that since appellant bank was required by the court entering judgment against Elmer J. Wise to pay all the back taxes as a prerequisite to its right to purchase, at judgment sale, the interest of Elmer J. Wise, it is entitled to credit in the amount of taxes paid as against

the damages assessed against them. This contention was not made in the trial court and, therefore, it cannot be made in this court for the first time.

Counsel for appellants also argue that appellees are guilty of *laches* and that it was error to assess damages beyond five years, as the Statute of Limitations has run against appellees' claim prior to that time. It may be observed that the Statute of Limitations is an affirmative defense and as it was not pleaded in the circuit court, it is not available here. Also, the question of *laches* is for the first time raised here and for that reason is not available to appellants now.

We come then to appellees' cross errors. They claim that the chancellor erred in refusing to declare a forfeiture of appellant bank's title and interest in the real estate and in refusing to assess triple damages for the waste committed. They also complain that the damages assessed were too low; that instead of $3,000 the evidence justified damages in the amount of at least $10,000. They say that by the common law of England, as it pertains to waste, and under the Statute of Gloucester, passed in 1278, in the sixth year of the reign of Edward I of England, they are entitled to a decree forfeiting appellant bank's title and to triple damages. They point to chapter 28 of the Revised Statutes of Illinois, declaring that all laws of England enacted prior to the fourth year of James I, of a general nature and not local to England, shall be the rule of decision in this State and shall be considered as of full force until repealed by legislative authority. No forfeiture was allowed at common law prior to the statute of Gloucester (6 Edw. 1.) By that statute the complaining party might recover the premises injured. But this practice fell into disuse in England and was abolished by the statute of 3 and 4 William IV, chapter 27, and the act itself was repealed in 1879 by the Civil Procedure Act. (42 and 43 Vic. 59.) Such a rule has never been in force in this State.

It is evident from the decree entered that, as a result of the evidence and inspection, the chancellor, in the exercise of discretion, believed that an injunction prohibiting future waste and the assessment of damages to appellees would afford to cross appellants compensation for the waste committed. This court would not be justified in overruling that exercise of discretion. It necessarily follows that this contention of appellees, as cross appellants, cannot be sustained.

Examination of the evidence pertaining to the amount of damages discloses to us that no error was committed in assessing damages. The contention that it was error to limit the damages to $3000 cannot be sustained.

Finding no error in the record requiring reversal, the decree of the circuit court is affirmed.

*Decree affirmed.*