GEORGE T. ROGERS *v.* MARY FRANCES BARRY SCAGLIOTTI *& a.*

*Frank W. Peyser* (by brief and orally), for the plaintiff.

*Hughes* and *Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the defendants.

BLANDIN, J.   We are confronted with the familiar question of fact as to what the testator meant by what he said.   Our courts have held in such cases that former decisions have no binding force "unless the language of the will and circumstances are so far identical as not to admit of a reasonable distinction." *Remick* v. *Merrill*, 80 N. H. 225, 227; *Holmes* v. *Alexander*, 82 N. H. 380, 383.   See also, *Belford* v. *Olson*, 94 N. H. 278, 283.   An analogous principle has been applied repeatedly when the meaning of the word "home" was involved. *Day* v. *Towns*, 76 N. H. 200.   See also, *Hill* v. *Carr*, 78 N. H. 458, 460, and cases cited; 101 A. L. R. 1461 n. 1487-1490.   No case has been called to our attention, nor do we know of any, so far identical as to be of value here as a precedent.   We therefore decide this case upon the facts as agreed to by the parties or found by the Trial Court.

On October 3, 1946 when the testator made his will he owned his own house and the contents thereof.   He was furnishing therein, free of rent, a home to Mary who had no other, and he was exercising parental supervision over her.   Mary was then in her teens, had not yet met her husband and there was no immediate prospect that she would leave.   The testator, a bachelor, was then advanced in years having retired as a railroad conductor in 1940.

To satisfy his obligation to George, both for financial aid and for personal assistance which George rendered him, the testator gave George all of his estate except for the provisions which he made for Mary to continue thereby, as nearly as possible, after his death the same situation which existed as to her at the time he made his will. See *Westgate* v. *Haverhill*, 68 N. H. 593, 595.   George was to take his place owning the home and the contents.   Mary was to have, with the

closest relative left who could look out for her, "a home therein so long as she pleases during her life without any rent." When Edward made his will Mary did not have a life estate in the homestead nor did she have the right to the exclusive occupancy thereof. She personally was living there, without rent and that, in our opinion, is the situation which the testator intended to perpetuate. He gave Mary alone and not to her husband or their children, if any, the right to occupy and make her home in this house.

To hold that Mary had any greater right, in our opinion, would deprive George of personally enjoying any substantial benefit from the estate which the testator was leaving him in payment for what George did for him, and would destroy the main purpose of his will. *Remick* v. *Merrill, supra,* 229.

This right that Mary alone has to occupy these premises is hers to exercise and enjoy "so long as she pleases during her life." In the event she chooses to avail herself of it at any time, if the parties cannot agree upon questions of her reasonable user, they may be determined by the Trial Court. *Clough* v. *Clough,* 71 N. H. 412, 417.

*Case discharged.*

All concurred.