SMITH *v.* SMITH.

4-9551                                   241 S. W. 2d 113

Opinion delivered July 9, 1951.

*Ed B. Cook,* for appellant.

*Graham Sudbury,* for appellee.

GEORGE ROSE SMITH, J. This is a complaint in equity filed by the appellant against his sister, the appellee. The complaint alleges that under the will of Dollie Smith, the mother of these litigants, the appellee received a life estate in a certain house and lot in Blytheville. (An

alternative allegation is that the devise is void for uncertainty, but we consider this contention to be without merit.) It is further alleged that Dollie Smith died intestate as to the remainder, which passed to these parties as the only heirs of their mother. The complaint charges that as life tenant the appellee is committing waste. The prayer is that the court declare a forfeiture of the life tenancy, appoint a receiver to make repairs, and grant a partition in kind or by sale. The chancellor sustained a demurrer to this complaint and dismissed the suit when the plaintiff refused to plead further.

This is the disputed paragraph in Dollie Smith's will: "I give my home in Blytheville . . . to my daughter, Lorene (Smith) Smith to be used by her as a home as long as she wishes, and in case she should not use it as such and wish to sell it, then the proceeds to be divided between my son, Floyd Smith, and my daughter, Lorene (Smith) Smith in equal shares." Floyd contends that this language created a life estate in Lorene, while she contends that the fee was devised to her.

We agree that only a life estate was created. This will does not expressly describe the estate intended, which distinguishes this case from *Bernstein* v. *Bramble,* 81 Ark. 480, 99 S. W. 682, 8 L. R. A. N. S. 1028, and other cases in which a fee was definitely defined. If Dollie Smith had intended to devise the fee there would have been no need for her to mention the use of the property as a home or to provide that in the event of a sale the proceeds should be divided. Hence these clauses tend to rebut the suggestion of a fee simple. As we said in *Jackson* v. *Robinson,* 195 Ark. 431, 112 S. W. 2d 417: "If the property were given to her in fee simple there would be no occasion to say anything about her power to sell." See, also, Rest., Property, § 112, Illustration 2.

The appellee relies also upon the presumption against partial intestacy to support her contention that she owns the fee. But this is merely a presumption, and it certainly does not operate to convert a life estate into a fee in every case in which the life estate might have been more accurately described. Here the presumption

is materially weakened by the existence of other instances of partial intestacy in the same will. In devising her other two parcels of land Dollie Smith made no provision for their devolution in the event that both her children died without issue, and hence the testatrix died partly intestate as to these tracts. In this situation we are more readily inclined to accept the existence of partial intestacy as to the land now in controversy.

A second question is whether the complaint sufficiently alleges facts constituting waste. Construed liberally on demurrer, the complaint charges that the house on the property is old and rapidly deteriorating, that it has rotten flooring and a leaking roof, that Lorene and her husband refuse to make repairs, and that a receiver should be appointed to restore the property to the condition it was in when Lorene received it. It is permissive waste for the life tenant to fail to make such ordinary repairs as are necessary to protect the building from the effects of wind and rain, if the structure was in good condition when the life tenancy began. Tiffany, Real Property (3d Ed.), § 641. We may reasonably infer from the appellant's complaint that failure to repair the roof has caused the floors to rot, and hence waste is adequately alleged.

A cause of action being stated, the prayer for relief is relatively unimportant. *Grytbak* v. *Grytbak,* 216 Ark. 674, 227 S. W. 2d 633. The remainderman is entitled to various remedies for waste, Simes, Future Interest, § 616; so in this case the trial court may grant whatever relief the proof justifies, regardless of the plaintiff's prayer. Nevertheless it may be helpful to the chancellor and to the litigants for us to discuss briefly the forms of relief that are prayed in this complaint.

Floyd first asks that Lorene's life estate be forfeited, but he is not entitled to this drastic action. Forfeiture of the life tenancy for the commission of waste is enforced only when specifically authorized by statute, and in Arkansas we have no such statute. It is true that forfeiture and triple damages were allowed by the Statute of Gloucester, enacted in 1278, 6 Edw. I. c. 5. But this statute

soon became obsolete in England and was finally repealed in 1879. The strict English law of waste has never been appropriate to a new country like ours, in which timber must be cut to permit the nation to expand through the cultivation of wooded areas. Tiffany, *supra*, § 630. Hence it is uniformly held in America that the Statute of Gloucester did not become a part of our common law merely by the enactment of laws similar to Ark. Stats. 1947, § 1-101, which adopted English statutes of a general nature that were passed prior to 1607. Rest., Property, § 198. Since our legislature has not re-enacted the English statute, the remedy of forfeiture is not available in this State. *Ibid.,* § 199.

Floyd's complaint also asks for a receivership and for partition. The former is one of the remainderman's remedies for waste and may be granted by the chancellor if the proof justifies it. And even without a forfeiture of the life estate the plaintiff may demand partition if he likes, since our statute permits a partition subject to an outstanding life estate. § 34-1801. It follows that the complaint is not demurrable.

Reversed, with direction that the demurrer be overruled.