WORTHINGTON MOTORS, A CALIFORNIA CORPORATION, AND CAL WORTHINGTON, APPELLANTS, v. ELIZABETH BARNDT CROUSE, SOPHIE BARNDT DE HART, HOWARD DE HART, AND AGNES BARNDT REDENBAUGH, RESPONDENTS.

No. 4656

March 17, 1964                                        390 P.2d 229

[Rehearing denied April 20, 1964]

*Jones, Wiener & Jones,* of Las Vegas, for Appellants.

*Leslie E. Riggins,* of Reno, for Respondents.

## OPINION

By the Court, McNamee, J.:

Respondents commenced this action against appellants for waste of the Upper Hot Creek Ranch in Nye County. The complaint alleges that under the will of Sophie E. Williams, Elizabeth S. Barndt, her daughter, was devised a life estate in Upper Hot Creek Ranch, with the remainder to respondents, who are the children of Elizabeth S. Barndt, or their successors in interest. Elizabeth S. Barndt is still living, but through foreclosure proceedings her life estate passed from her and eventually to appellant Worthington Motors. (Appellant Cal Worthington is joined as a party because he is alleged to be the alter ego of Worthington Motors.)

Eleven different acts of waste are alleged. The complaint prays for compensatory and punitive damages, for a permanent injunction restraining further acts of waste, and for forfeiture of the life estate. The appellants filed separate answers in which they deny the allegations of waste. Appellant Worthington Motors also claims to be the owner in fee simple, asks that its title as such be quieted of any claims of the respondents, and counterclaimed against respondents for trespass.

At the conclusion of the trial, the court entered its findings of fact and conclusions of law, and determined

that Sophie E. Williams had acquired the Upper Hot Creek Ranch during her marriage with Joseph T. Williams, Sr., as her separate property; that Joseph T. Williams, Sr., died in 1910, and that Joseph T. Williams, Jr., acquired no interest in said ranch under the will of Joseph T. Williams, Sr.; that Sophie E. Williams died in 1927 and devised to Elizabeth Barndt a life estate therein; that the children of Elizabeth Barndt were devised the remainder of the Upper Hot Creek Ranch upon the death of Elizabeth Barndt; that the life estate of Elizabeth S. Barndt passed to Worthington Motors through foreclosure sale and different conveyances; that no appeal was taken upon final distribution of the estate of Sophie E. Williams, and that the predecessors in interest of Worthington Motors were parties to the probate proceedings and contested the same; and that the appellants wilfully have committed and continued to commit acts of waste on said ranch to its permanent injury causing damage in the sum of $5,000.

The trial court concluded that Sophie E. Williams had had full title to the land and was able to devise the same upon her death; that Joseph T. Williams, Sr., had no title which he could devise; that Worthington Motors is a successor in interest of the life estate of Elizabeth S. Barndt; and that neither Worthington Motors nor its predecessors in interest ever had more than a life estate in said property.

The judgment as entered awarded respondents $5,000 and forfeited the tenancy per autre vie of Worthington Motors in the Upper Hot Creek Ranch. Respondents were given immediate possession of said property as owners in fee simple and it was adjudged that Worthington Motors had no right, title or interest in said property.

Appellants admit that the findings of waste and damages in the sum of $5,000 are supported by substantial evidence. The sole issue on appeal is whether the trial court erred in granting forfeiture as a remedy for waste.

NRS 40.150 provides: *"Action for waste; judgment may be for treble damages. If a guardian, tenant for life or years, joint tenant or tenant in common of real property commit waste thereon, any person aggrieved*

by the waste may bring an action against him therefor, in which action there may be judgment for treble damages."

It is appellants' contention that under this statute the court was empowered to render damages only and not to declare a forfeiture. On the other hand, respondents contend that the Statute of Gloucester (6 Edw. I, c. 5),[1] enacted in 1278, provides for a forfeiture in the event of waste by a life tenant, that Nevada having adopted the common law likewise adopted this statute, and that NRS 40.150 being consistent with the Statute of Gloucester both now exist in pari materia as law in Nevada. If the Statute of Gloucester is part of the law of this state it is conceded that the judgment appealed from is proper.

The Statute of Gloucester changed the common law punishment for waste to forfeiture of the thing wasted and treble damages. 93 C.J.S., Waste § 3; 67 C.J., Waste § 10. The Statute of Gloucester was ignored for more than 300 years in England after its enactment, and was repealed in 1879. According to 2 Restatement, Property § 198, this early English statute has not become a part of the law of an American state in the absence of an express re-enactment thereof. "The automatic reception of early English statutes is restricted to those suitable to the different conditions and situations of the New World. The English treatment of this statute as obsolescent, together with the severity of the provisions for triple damages and forfeiture, justify the position stated in this section."

5 Powell, Real Property § 650, states that the Restatement has embodied the majority view.

In IV Simes and Smith, The Law of Future Interests § 1658 (1956), it is stated: "While there are a few indications in the early American reports that the Statute

---

[1]"It is provided also, That a man from henceforth shall have Writ of Waste in the Chancery against him that holdeth by Law of England, or otherwise for Term of Life, or for Term of Years, or a Woman in Dower. (2) And he which shall be attainted of Waste, shall leese [lose] the thing that he hath wasted, and moreover shall recompense thrice so much as the Waste shall be taxed at. * * *" Statute of Gloucester (6 Edw. I, c. 5).

of Gloucester may have been regarded as a part of the American law, it would seem that today it is not in force in this country unless re-enacted in the form of a statute."

In Smith v. Smith, 219 Ark. 304, 241 S.W.2d 113, the court stated: "Forfeiture of the life tenancy for the commission of waste is enforced only when specifically authorized by statute, and in Arkansas we have no such statute. It is true that forfeiture and triple damages were allowed by the Statute of Gloucester, enacted in 1278, 6 Edw. I, c. 5. But this statute soon became obsolete in England and was finally repealed in 1879. The strict English law of waste has never been appropriate to a new country like ours, in which timber must be cut to permit the nation to expand through the cultivation of wooded areas. Tiffany, supra, § 630. Hence it is uniformly held in America that the Statute of Gloucester did not become a part of our common law merely by the enactment of laws similar to Ark.Stats. 1947, § 1–101, which adopted English statutes of a general nature that were passed prior to 1607. Rest., Property, § 198. Since our legislature has not re-enacted the English statute, the remedy of forfeiture is not available in this State."

In Wise v. Potomac National Bank, 393 Ill. 357, 65 N.E.2d 767, it was contended that Illinois adopted the common law of England as it pertains to waste as modified by the Statute of Gloucester. The court, however, determined that since the Statute of Gloucester had fallen into disuse in England the rule of forfeiture as provided therein was never enforced in Illinois.

The Supreme Court of Michigan in Schuman v. Schuman, 217 Mich. 184, 185 N.W. 717, refused to recognize the forfeiture provisions of the Statute of Gloucester.

It is clear to us that the decided weight of authority refuses to allow forfeiture as a remedy for waste in the absence of a permissible statute. Nevada has no such statute. We conclude that the trial court erred in determining that this state adopted the Statute of Gloucester as a part of the common law.

Respondents contend that aside from the Statute of Gloucester a court of equity has inherent power to forfeit a life estate in a case where a life tenant repudiates the life estate and claims a fee simple title in the property, and that under NRCP 54(c) the court was empowered to grant such relief as the respondents were entitled, even if they had not demanded such relief in their pleadings. So far as the record before us discloses, this theory was not raised in the trial court and may not be raised here for the first time. Arley v. Liberty Mut. Fire Ins., 80 Nev. 5, 388 P.2d 576. In this connection, when equity permits a forfeiture it is usually the result of a contractual relationship between the parties, but as stated in 3 Story's Equity Jurisprudence, § 1732 (14th ed. 1918), "[i]t is a universal rule in equity never to enforce either a penalty or a forfeiture. Therefore Courts of Equity will never aid in the devesting of an estate for a breach of a covenant on a condition subsequent, although they will often interfere to prevent the devesting of an estate for a breach of a covenant or condition."

Whether the lower court was empowered under NRS 40.150 to award in its discretion more than actual damages, we are not called upon to determine. Respondents did not appeal from the judgment which awarded $5,000 compensatory damages, and counsel in oral argument stated that he did not contend that such an award was inadequate for the waste committed up to the time of the judgment.[2]

The judgment is modified by striking therefrom the order terminating the estate per autre vie of Worthington Motors and the order that the respondents are entitled to the immediate possession of the said land. As so modified, the judgment is affirmed. Appellants to have their costs.

BADT, C. J ., and THOMPSON, J., concur.

---

[2]Respondents' counsel's interpretation of his statement in oral argument is that the $5,000 award for damages was adequate only if the judgment terminates the life estate.