Madge Sorrell, a resident of Montgomery County, died on February 21, 1986, survived by one daughter, Madge Snider (appellant). At the time of her mother's death, the appellant was 33 years old, married, and without children. Mrs. Sorrell left a will, which in pertinent part reads as follows:
ITEM II
 "I give, devise and bequeath all my personal property of whatever kind and nature whatsoever and wherever located to my beloved daughter, Madge S. Snider, in fee simple absolute.
ITEM III
 "I give, devise and bequeath to my beloved daughter, Madge S. Snider, all of my real estate wherever located for her lifetime. In the event my beloved daughter, Madge S. Snider, should predecease me or die in a common disaster or other misfortune or at her death, I give, devise and bequeath such land to any children born of my beloved daughter, Madge S. Snider. In the event there are no children, then in the happening of the aforesaid events, I give, devise and bequeath such real property to Marie S. Wood for her lifetime. In the event Marie S. Wood predeceases me or dies in a common disaster or predeceases my daughter, Madge S. Snider, or at the death of Marie S. Wood, then such property I give, devise and bequeath to Carolyn W. Force, Garey Frank Wood and Lydia Marie Wood, in fee simple absolute. Provided, however, that my beloved daughter, Madge S. Snider, and Marie S. Wood shall have the power to sell any of such real estate if needed to pay taxes or otherwise and any proceeds of such sale not needed for the payment of taxes or other expenses shall be paid to my beloved daughter, Madge S. Snider. Provided further that if Marie S. Wood decides to return to Montgomery and decides to build a home upon my real estate, and provided such property has not been sold, it is my wish and desire that five acres shall be set aside and deeded to Marie S. Wood, in fee simple absolute and upon the happening of all such events I give such portion to her. It is my further wish that my beloved daughter, Madge S. Snider, and Marie S. Wood shall agree upon such portion to be set aside."
By Item IV of the will, Mrs. Sorrell appointed Marie Wood (appellee) as her executrix. Shortly after Mrs. Sorrell's death, the appellee filed the will for probate in the Probate Court of Montgomery County; however, the administration of the estate was subsequently removed to circuit court at the request of the appellant, who sought a declaratory judgment construing her mother's will. After examining the will, that court ruled that the will provided for an orderly distribution of Mrs. Sorrell's estate; no testimony was taken. Its memorandum opinion, in pertinent part, reads as follows:
 "Sorrell clearly provided for the orderly distribution of her estate although the distribution is subject to contingencies. Snider, the decedent's daughter, takes all of Sorrell's personal property in fee simple. The real property first falls to Snider in a life estate with the remainder to her children if she has any. If Snider predeceases Sorrell the property falls directly to Snider's children; and if Snider dies without children then the real property would shift to Marie Wood in a life estate. If the property should fall to Wood, the remainder would fall to Carolyn W. Force, Gary Frank Wood, and Lydia Marie Wood in fee simple to be divided equally.
 "Five acres of Sorrell's real property goes to Wood in fee simple if she returns to Montgomery and builds a house on the five acres."
This appeal followed. We affirm.
The appellant maintains that the trial court erred in its interpretation of her *Page 866 
mother's will. She argues that the contingent devise to her unborn children resulted, by operation of law, in her mother retaining a reversionary interest in the property that passed to her by intestate succession at the time of her mother's death.[1] She also argues that by the terms of the will she was given the absolute power to sell the property; therefore, she says, pursuant to §§ 35-4-291 and 35-4-292, Code 1975, she can sell the property, conveying a fee simple absolute to the purchaser. Finally, the appellant contends that her mother did not intend to give five acres of land to the appellee but, instead, expressed only a desire that five acres of land be made available for her whenever she returned to Montgomery and decided to build a house. We understand the thrust of the appellant's arguments to be that she now owns a fee simple interest in the property that is subject to divestment, but only in the event she has a child; and that until that event occurs, she can sell the property, conveying a fee simple absolute to the purchaser pursuant to §§ 35-4-291 and 35-4-292. We disagree.
It is well settled that the intention of a testator or testatrix is always the polestar in the construction of a will, and the cardinal rule is to ascertain that intention and give it effect if not prohibited by law. In ascertaining the intent of the will, the whole will should be considered. Tierce v.Macedonia United Methodist Church, 519 So.2d 451 (Ala. 1987). It is also well settled that the law favors a construction by which an estate will become vested at the earliest moment, provided, of course, that early vesting would not operate to defeat the testator's intention. Black v. Black, 286 Ala. 233,238 So.2d 861 (1970).
Applying these principles to the case at bar, we construe Mrs. Sorrell's will as giving a life estate in the property to the appellant and a remainder in fee simple to Carolyn Force, Garey Wood, and Lydia Wood, vested subject to total divestment should children be born to the appellant, and subject to partial divestment should the appellee return to Montgomery and decide to build a house on estate property. Stated another way, Carolyn Force, Garey Wood, and Lydia Wood have a defeasible remainder in fee simple. See Pritchett v. Turner,437 So.2d 104, 107 (Ala. 1983). It is unnecessary for us to characterize the interests of the appellee and the unborn children of the appellant as being either contingent remainders or executory interests. See § 35-4-212, Code 1975 ("[n]o estate in lands can be created by way of contingent remainder; but every estate created by any will or conveyance, which might have taken effect as a contingent remainder, has the same properties and effect as an executory devise"). See, also, King v. William M.King Family Enterprises, Inc., 515 So.2d 1241 (Ala. 1987), andWright v. City of Tuscaloosa, 236 Ala. 374, 182 So. 72 (1938). "Devises of [the kind referred to in § 35-4-212] are called `executory,' because the estates thereby limited to take place have no present existence, in contemplation of law, but merely a capacity of existence and of being executed, which devises take effect when the contingency upon which they are limited occurs." 28 Am. Jr. 2d Estates § 334 (1966). See, also, Tiffany,The Law of Real Property, § 360 (3d ed. 1939). If a child should be born to the appellant, that child would immediately take the remainder, vested subject to partial divestment in favor of any other children born to the appellant. The appellee can take a life estate in the property provided the appellant dies without children. We think this construction is in accord with the apparent intent of Mrs. Sorrell.
With regard to the appellant's argument that she was given the absolute power to sell the property, the trial court, applying the rule of ejusdem generis, construed the will as conferring upon the appellant only a limited power of sale over the property, to be exercised by the appellant acting in conjunction with the appellee. "In the construction of laws, wills and other instruments, the `ejusdem generis rule' is, that where general words follow an enumeration of persons or things, by words *Page 867 
of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned." Black's LawDictionary (5th ed. 1979). The trial court construed the phrase "needed to pay taxes or otherwise" as meaning "to pay taxes or other similar expenses." This construction is consistent with the apparent intent of Mrs. Sorrell as gleaned from the "four corners" of the will. Mrs. Sorrell provided in her will that "any proceeds of such sale not needed for the payment of taxesor other expenses shall be paid to my beloved daughter." (Emphasis added.) Although Mrs. Sorrell clearly wanted any excess proceeds generated from a necessary sale of the property to go to the appellant, the manner in which Mrs. Sorrell disposed of her property seems to negate any inference that she intended for the appellant to have the absolute power to sell the property. In addition, the power to sell was clearly intended to be shared by the appellant and the appellee. Under § 35-4-292 (a), an owner of a life estate with an absolute power of disposition may convey a fee absolute as to creditors and purchasers, but if the power is not executed the future estates limited thereon are effective. Nevin v. Nevin,366 So.2d 266 (Ala. 1979). Section 35-4-291, provides, however, that "[e]very power of disposition is deemed absolute by means of which the donee of such power is enabled in his lifetime todispose of the entire fee for his own benefit." (Emphasis added.) We agree with the trial court that the power of sale given to the appellant is not absolute; therefore, § 35-4-292
is not applicable.
Finally, a close reading of the will reveals that Mrs. Sorrell did more than merely express a desire that five acres be set aside for the appellee upon her returning to Montgomery and deciding to build a house on estate property. The will reads as follows: "Provided further that if [appellee] decides to return to Montgomery and decides to build a home upon my real estate, and provided such property has not been sold, it is my wish and desire that five acres shall be set aside and deeded to [appellee], in fee simple absolute and upon thehappening of all such events I give such portion to her."
(Emphasis added.) The gift of five acres to the appellee is a valid executory devise. Should the appellee return to Montgomery and decide to build a house on estate property, she would be entitled to have five acres conveyed to her, provided, of course, that the property had not been sold. The execution of this devise would effect a partial divestment of the remainder owned by Carolyn Force, Garey Wood and Lydia Wood, provided they had not been divested of the remainder by the birth of children to the appellant; if there were children, the execution of this devise would divest them of their remainder in the five acres conveyed to the appellee. The execution of this devise would also effect a partial divestment of the appellant's life estate in order to allow the appellee full enjoyment of the property.
We hold that the will of Mrs. Sorrell provides for an orderly distribution of her property and we agree that the trial court's interpretation is consistent with her apparent intent; therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON and BEATTY, JJ., concur.
MADDOX, J., concurs in the result.
[1] There is no residuary clause in the will.