## Louis O'Neill, Appellee, v. Lindsay Light Company, Appellant.

## Gen. No. 17,467.

1. TROVER AND CONVERSION—*necessity of demand and refusal.* Where persons are guilty of a wrongful conversion of property of which the possession is rightfully acquired, such conversion does not occur until a demand therefor and a refusal.

2. EVIDENCE—*admissions of president binding on corporation.* In conversion against a corporation declarations and admissions made by its president, not a party to the suit, on a former trial, in his capacity as agent, are not admissible in evidence, unless a part of the *res gestæ* and hence such statements made four years after the controversy arose are not admissible.

3. TROVER AND CONVERSION—*measure of damages.* In trover for the wrongful conversion of manufacturing appliances and machinery, the

measure of damages is the value of the property at the time of its conversion.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed June 30, 1913. Rehearing denied July 24, 1913.

DENIS E. SULLIVAN, for appellant.

HENRY S. WILCOX, for appellee; CHARLES C. SPENCER and JESSE WILCOX, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in trover instituted in the circuit court by Louis O'Neill against the Lindsay Light Company, a corporation, and Charles P. Lindsay, Jr., and George P. Gilman, Jr., copartners as Lindsay & Company. The last named defendants were dismissed out of the case and a trial by jury resulted in a verdict and judgment against the remaining defendant, Lindsay Light Company, for $3,875, to reverse which judgment this appeal is prosecuted.

For about a year prior to May, 1903, appellee had been engaged in the manufacture of knit gloves in the city of Chicago. On the last named date appellee associated himself with one, Jacob I. Robin, in the business of manufacturing mantles for gas lighting, and all of the knitting machines and other machinery and apparatus which belonged to appellee and had been used by him in the manufacture of gloves, and which was available for use in the manufacture of mantles, was contributed by appellee to the new business, which was to be known as the Robin Manufacturing Company. Robin contributed nothing to the business except his experience and the right to use certain patents. Other machinery and apparatus peculiarly adapted for use in the manufacture of mantles was

contributed to the business and paid for by appellee.
Appellee's association in the business with Robin continued until April 14, 1904, when appellee retired from
the business and sold the stock on hand, together with
certain machinery, apparatus and property, specifically mentioned in an inventory which was then made,
to Charles R. Lindsay, George P. Gilman and E. A.
Williams, partners, doing business as Lindsay & Company. None of the property here involved was mentioned in said inventory, but the possession and use
of said property was retained by said Lindsay & Company with the consent of appellee. Thereafter, Robin
was admitted into the partnership and the business
was conducted until June 30, 1904, under the firm name
of Robin Manufacturing Company, when it was incorporated under the same name. This incorporated company ceased to do business in the fall of 1904. In June,
1904, the partners composing the firm of Lindsay &
Company incorporated as the Lindsay Light Company,
which corporation thereafter absorbed the business
formerly conducted by the Robin Manufacturing Company, and took possession of some portion or all of
the machinery and property here involved.

Appellant claims that the property in question was
purchased by Lindsay, Gilman and Williams from
Robin sometime after appellee withdrew from the
business conducted by himself and Robin under the
name of the Robin Manufacturing Company; that
appellee and Robin were copartners having a joint
interest in the business of the copartnership and in
the machinery and property which was used in the
conduct of said business; that if appellee and Robin
were not such copartners as between themselves, the
conduct of appellee was such as to make them copartners as to third parties. The determination of the
several issues involved in these contentions was for
the jury upon competent evidence.

If it be assumed that the property in question be-

O'Neill v. Lindsay Light Co., 181 Ill. App. 700.

longed to appellee and that appellant was guilty of a wrongful conversion of such property, such wrongful conversion did not occur until a demand therefor by appellee and refusal by appellant, because the possession of the property by appellant and its immediate predecessors was rightful as having been consented to and acquiesced in by appellee. The required demand was made by appellee upon appellant on September 14, 1905.

It is clear from the evidence that all of the property in question was not in existence when the demand was made, but that some portions of it had theretofore been lost, worn out by use, or sold as junk. There is no competent evidence tending to show what portion of the property not then in existence was wrongfully converted or by whom it was so wrongfully converted, whether by appellant or by its predecessors, the Robin Manufacturing Company, a copartnership, the corporation bearing the same name, or Lindsay & Company, a copartnership.

Upon the trial appellant called as a witness F. E. Stephens, a court reporter, who, upon a former trial of the case in 1909, had taken the testimony of Charles R. Lindsay, the president of appellant corporation, and over the objection of appellant said witness was permitted to read from his notes and transcript the testimony then given by Lindsay relative to the use and disposition by appellant of some of the property in question. Lindsay had previously been called as a witness by appellee, but was not examined upon the subject. The propriety of admitting his testimony upon the former trial was sought to be justified upon the ground that it amounted to, and should be treated as, an admission by the corporation, through him as its president, of an existing fact against interest.

Lindsay was not a party to the suit and no declaration or admission made by him in his capacity as agent of appellant was admissible in evidence, unless it

formed a part of the *res gestæ*. *Michigan Cent. R. Co. v. Gougar,* 55 Ill. 503; *Jenks v. Burr,* 56 Ill. 450; *Chicago & E. I. R. Co. v. Keegan,* 112 Ill. App. 338.

The statements embodied in the evidence of Lindsay upon the former trial were made at least four years after this controversy arose and were not binding upon appellant. The evidence was incompetent and its admission was necessarily harmful to appellant.

The greater part of the property in question was purchased by appellee in 1903 and substantially the only evidence of its value that was adduced by him was predicated upon the cost price of the property. The measure of damages is the value of the property at the time of its conversion and no reason exists why appellee may not make proper proof of that value as near as may be. We are not impressed with the reasonableness of appellee's contention that property of the character here involved would be increased rather than decreased in value by the use to which it was put. Conceding the right of appellee to recover in this case, we are fully persuaded that the damages awarded are excessive.

If the record were otherwise free from error, we should not be disposed, upon a consideration of the instructions as a series, to reverse the judgment for the alleged erroneous action of the court in giving and refusing certain instructions, but the instructions given at the instance of appellee are subject to the criticism that in the main they state mere abstract propositions of law. Certain instructions tendered by appellant and refused by the court were properly refused.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*