TODD v. PETTIT et al.

In re ELLIOTT.

No. 9236.

Circuit Court of Appeals, Fifth Circuit.

Dec. 14, 1939.

Stanley Boykin, of Fort Worth, Tex., for appellant.

R. G. Storey, of Dallas, Tex., and W. E. Allen, of Fort Worth, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

On April 22, 1938, Walter A. Todd, as trustee in bankruptcy of Harry W. Elliott, sued Charles Pettit and the bankrupt Elliott for an account, praying a money judgment against them, and made T. C. McMurray, as receiver of Twelve Way Syndicate Interests, and George H. Campbell, as receiver of Harry W. Elliott Interests, defendants with a prayer that their claims be held inferior to the rights of the plaintiff. Pettit moved to dismiss on several grounds, one being that the bill shows that the cause of action, if any, accrues to parties other than complainant and he has no right to prosecute it. The judge dismissed the bill for the reason that "the trustee in bankruptcy is without power and authority to prosecute it." The trustee appeals.

The case stated is, in brief, that Elliott in 1931 sold shares in two oil syndicates, issuing certificates to the unit holders, and with the money thus raised he bought in his name a number of oil leases with producing wells on them. The title he took and the certificates he gave are not exhibited, but the petition thus states them: "Harry W. Elliott was acting as the managing trustee for said syndicate and in such capacity secured record title to mineral interests in the following described tracts of land. * * * The said certificates passed interest in said syndicate unto said certificate holders in the net proceeds of said venture and placed said certificate holders in a position analogous to stockholders in a corporation. * * * Long prior to July, 1932, the said Harry W. Elliott had by the sale of the certificates aforesaid sold substantially all the beneficial interests in the above described premises to unit holders other than himself, and retained the record title in himself as trustee. By the terms of agreement with the unit holders the said Harry W. Elliott reserved and had the entire right of control and management of the said properties and the unrestricted right to transfer, assign and convey the same and incumber the same and create debts payable out of the income and earnings of said properties or the proceeds of sale thereof, but at all times the said unit holders were the beneficial and equitable owners of said properties and their proceeds after the payment of all debts. * * *" The two receivers joined as defendants here were respectively appointed in State court proceedings to administer the two syndicates. The bill alleges that Elliott as such trustee entered into collusions with Pettit and made transfers of oil and fractional interests in the property of the syndicate to him, in fraud of creditors, Elliott receiving part of the diverted monies, and that on sales of the properties by the trustee in bankruptcy Pettit had demanded and received by reason of these void transfers sums of money for his joining in the conveyance; whereby he and Elliott justly

140

owe \$65,000. It was alleged there remain no debts to be paid, but that there are administration expenses to meet which other assets may not suffice.

It is not clear to us why these syndicate trusts have been administered at all in the bankruptcy of Elliott. Though these oil properties stood in the name of Elliott, the bill states he did not own them, but the two groups of unit holders did. He was their agent, and so far as he held legal title, was their trustee. It is argued that a bankruptcy trustee takes title to all property to which the bankrupt has title, even though it be held in trust. Though this be true, when it appears that the bankrupt is only a trustee and has no beneficial interest in or claim against the property, the court ought to turn it over to its true owners where possible. Here the State court of equity has appointed receivers to administer these trusts, and so far as the bill discloses the property ought to have been turned over to them. The unit holders are not by virtue of their certificates creditors of Elliott. They are the equitable owners of these trust properties. But assuming there were good reasons why the bankruptcy court kept and sold the real properties, we perceive no right in the bankruptcy trustee to seek to collect other monetary assets of the trusts; especially in the face of the equity receivers appointed to care for them. If Elliott or Pettit or both have money of the trusts, the receivers and not Elliott's bankruptcy representative should sue. They could not sue in this district court. The bill was rightly dismissed.

Judgment affirmed.