### Vito Addante, Appellee, v. Vincenzo Pompilio, Appellant.

### Gen. No. 40,789.

Heard in the first division of this court for the first district at the June term, 1939. ▇▇▇▇▇ Opinion filed January 22, 1940. Rehearing denied February 5, 1940.

FRANK J. TYRRELL, of Chicago, for appellant.

MICHAEL R. DURSO and SIMON T. SUTTON, both of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

May 18, 1938, plaintiff filed a complaint in which he alleged that on December 3, 1923, he deposited with defendant $3,000 to be by defendant transmitted and paid to plaintiff's brother, Nicolla Addante, in Italy; that he also paid to defendant the necessary charges and costs for transmitting this money; that defendant at the time of the deposit gave plaintiff his receipt showing the deposit; that defendant neglected to remit the money and afterward appropriated it to his own use.

The complaint also avers that plaintiff made numerous demands and that defendant upon each and every demand promised to pay plaintiff; that the last demand was made in February, 1937, when defendant again promised to pay but failed to do so. The complaint charges that there had been unreasonable and

vexatious delay and claimed damages to the amount of $5,162.50.

The complaint was duly verified. Defendant filed an amended answer in which he admitted the deposit by plaintiff of the money for the purpose as alleged; neither admitted nor denied that he gave a receipt but demanded strict proof; denied the alleged conversion and set up the affirmative defense that with the consent of plaintiff he placed the money with the American Foreign Exchange Corporation for transmission to Nicolla Addante and that this company converted it. Defendant also set up a discharge in bankruptcy in a proceeding where plaintiff's claim was allowed and a dividend of $27 paid. Defendant denied the demands and promises to pay as alleged, and further set up the defense of the 10-year statute of limitations.

On December 2, 1938, the cause was tried by the judge without a jury, who found "the defendant Vincenzo Pompilio wrongfully and maliciously converted to his own use the money of the plaintiff set forth in the complaint in this cause"; found the defendant guilty and assessed plaintiff's damages at the sum of $3,003. The record shows execution issued on January 3, 1939, and a body execution on the same day on which is an indorsement showing the arrest of defendant on January 17, 1939, and his commitment to jail. On January 6, 1939, after more than 30 days had expired, attorneys for defendant made a motion for the entry of an order for a new trial *nunc pro tunc,* which was overruled on January 6, 1939. There is no report of proceedings. The evidence is not before us. The presumption, of course, is that it was sufficient to sustain the findings and the judgment of the court.

The defendant points out that section 15 of ch. 83, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.275]

was applicable. This section in substance provides that actions for damages for the detention or conversion of personal property shall be commenced within five years next after the cause of action accrued. The defendant did not plead this statute but set up the 10-year statute, section 16, applicable to actions upon written contracts. It was necessary that the statute should be specially pleaded and in the absence of such plea it is waived. *Ward v. Williams,* 270 Ill. 547. Moreover, the burden of proving the defense of the statute was on defendant and if we assume it was set up in the answer, in the absence of a report of proceedings, we must assume the evidence was insufficient to prove the defense. Again, the date upon which defendant converted the money of plaintiff does not appear from the pleadings and can be determined only from the evidence which is not before us. *O'Neill v. Lindsay Light Co.,* 181 Ill. App. 700. The statute would not begin to run until the actual conversion took place.

Defendant cites *Nelson v. Petterson,* 229 Ill. 240, to the proposition that tort actions once barred by the statute of limitations cannot be revived subsequently by an oral promise. This case is inapplicable here for the reason (as already explained) that in the absence of a report of proceedings we can not determine plaintiff's claim was ever barred by the statute.

Defendant argues the complaint does not state a cause of action. He cites *People v. Green,* 368 Ill. 242, which is a criminal case. Incidentally the opinion of the court refers to the practice as it existed prior to the enactment of the Civil Practice Act, citing two cases decided before that act went into effect. In this case section 42 (2) and (3) of the Civil Practice Act (Smith-Hurd Ill. Ann. Stats., ch. 110, par. 165, p. 256 [Jones Ill. Stats. Ann. 104.042]) is controlling. Subsection (2) provides no pleading shall be deemed bad in substance which contains information or shall

reasonably inform the opposite party of the nature of the claim or defense he is called upon to meet. Subsection (3) provides that all defects in pleadings "either in form or substance, not objected to in the trial court, shall be deemed to be waived." No objections were made to the complaint in the trial court. It is apparent the point was not thought of until after this appeal was filed in the Appellate Court. The purpose of section 42 of the Civil Practice Act is apparent. It was designed in so far as possible to compel the settlement of questions of pleading in the trial court. In cases where the judgment has been taken by default, as in *Whalen v. Twin City Barge & Gravel Co.,* 280 Ill. App. 596, and *Roe v. Cook County,* 358 Ill. 568, 193 N. E. 472, the courts have given consideration to the question of whether the complaint states a cause of action. In no case called to our attention since the enactment of the Civil Practice Act has a defendant, who appeared and failed to object to the sufficiency of the pleading, been allowed to question the sufficiency thereof in an Appellate Court. *Fornoff v. Smith,* 281 Ill. App. 232, was a case in garnishment in which the Civil Practice Act was not cited. The complaint in this case was sufficient under section 42, and would have been sufficient under the common law practice, any defect therein being cured by the finding of the court. *Sargent Co. v. Baublis,* 215 Ill. 428. The judgment will be affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.