**CAPITAL FINANCE CORPORATION**
**et al., Petitioners, Appellants,**
**v.**
**Lena LEVEEN, Respondent, Appellee.**
**No. 4871.**

United States Court of Appeals, First Circuit.

Nov. 18, 1954.

Edward I. Perkins, Boston, Mass., with whom Richard H. Gens, Boston, Mass., was on brief, for appellants.

Arthur L. Brown, Boston, Mass., with whom George Alpert, Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

In this case the appeal is from an order of the district court in bankruptcy. 11 U.S.C.A. § 47.

Appellants Capital Finance Corporation, Edmund J. Connolly, and Philip A. Burns, as creditors of appellee Lena Leveen, filed in the district court on September 25, 1952, a petition seeking her adjudication as an involuntary bankrupt. It was charged in the petition that the debtor had committed the first act of bankruptcy mentioned in amended § 3, sub. a of the Bankruptcy Act, 66 Stat. 421, 11 U.S.C.A. § 21, sub. a, in that she had on August 5, 1952, transferred "a part of her property, to wit, a certain parcel of real estate in Nantucket, Massachusetts to Esther Leveen of Boston with intent to hinder, delay or defraud her creditors or any of them." Also, it was alleged that on August 6, 1952, Lena Leveen, while insolvent, had made a preferential transfer of a portion of

her property to Federated Investment Co., Inc., one of her other creditors. The answer of the alleged bankrupt denied the commission of these acts of bankruptcy.

The district court referred the case to a referee in bankruptcy as special master, to determine the issues raised by the petition and answer.

After hearing, a report was filed by the special master. The report recited that on or about July 22, 1952, Lena Leveen, the alleged bankrupt, was the record owner of two parcels of land with buildings thereon situated in Nantucket; that Lena Leveen, being then hopelessly insolvent, by deed dated July 22, 1952, and recorded the following August 5, conveyed both parcels of land, without consideration, to her sister Esther Leveen; that testimony was given by Esther Leveen, and by another sister Caroline Leveen, to the effect that the parcels of land so conveyed were not the property of Lena Leveen, who held no more than the bare legal title thereto, the true beneficial ownership being vested in the said Esther Leveen. The special master's report also recited:

"Evidence was introduced that Lena Leveen gave a mortgage on this property to one Theodore Karp on January 24, 1952 to secure the payment of $5,000.00. This mortgage was given about seven (7) months before the transfer of the property by Lena to Esther. Further, on May 15, 1952, about two (2) months before the said transfer Lena Leveen borrowed $1300.00 from a Mr. Goodwin and in a written statement to him stated, among other things, 'I also am owner of a house on Nantucket Island'. Neither of these debts had been paid at the time of the transfer of the property to Esther Leveen by Lena Leveen and as far as the evidence went still remain unpaid."

The special master expressed the opinion that, without determining whether Esther was the real owner of the property, she was in any event estopped to assert such ownership. "Ostensible ownership in the land in Lena was created by the act of Esther. Until the time of the conveyance by Lena to Esther, Lena had such an interest in the property that she could convey and give good title to the same." As a conclusion of law, the special master reported that the conveyance by Lena to Esther on July 22, 1952, "was a conveyance of her property fraudulent under the provisions of section 67(d) (1) of the Bankruptcy Act"; that this conveyance was with the intent on Lena's part to hinder, delay or defraud her creditors or any of them; that Esther was estopped to assert that the property so conveyed was her property and not the property of the alleged bankrupt. Therefore, the special master recommended that Lena be adjudged a bankrupt, on account of having committed the first act of bankruptcy.

The case came before the district court upon exceptions filed by the alleged bankrupt to the master's report. In a Memorandum of Decision, the district court expressed some doubt whether Esther, in the circumstances related, was estopped from asserting her true ownership; but said that, even if all the requisites of a valid estoppel were present, none of the three petitioning creditors here was in a position to take advantage of it, since it did not appear that any of the three had relied upon and been misled by the words or conduct of Esther and had taken action on the basis of such reliance. Therefore, said the district court, the essential issue of fact to be determined was "whether Lena's conveyance to Esther was a fraudulent transfer of her own property, or a return to Esther of Esther's property." Accordingly, the district court 122 F.Supp. 28 entered an order remanding the case to the special master for the determination of whether the alleged bankrupt was the real owner of the Nantucket real estate involved, and the determination, in the light of such finding, of the other issues raised by the creditors' petition. From this order the petitioning creditors have taken an appeal.

We think that the district court took the proper action on the report of the special master, and that the order appealed from should be affirmed.

As we understand the issue presented, it is not now a question whether Esther might be estopped, as against a particular creditor, from asserting her true ownership of the two parcels of land. Esther was not a party to the proceeding below. If in the future Lena should be adjudicated a bankrupt, and a trustee appointed, and if such trustee should bring a plenary suit against Esther seeking to have the conveyance to Esther set aside under § 70, sub. e(1) of the Bankruptcy Act, 52 Stat. 882,[1] then the question might be presented whether Esther had done enough to estop herself from asserting her true ownership as against some particular creditor of Lena having a claim provable against Lena's estate. Cf. Ferguson v. Winchester Trust Co., 1929, 267 Mass. 397, 166 N.E. 709, 64 A.L.R. 573. We refrain from intimating any opinion as to that. In passing, we merely note that if for any reason the transferee is estopped, as against some particular creditor of the transferor, from denying that the property transferred belonged to the transferor, then, by force of § 70, sub. e(1) of the Act, the trustee of an already adjudicated bankrupt-transferor may perhaps avoid the conveyance for the benefit of all the creditors who are to participate in the distribution of the bankrupt's estate. Cf. Moore v. Bay, 1931, 284 U.S. 4, 52 S. Ct. 3, 76 L.Ed. 133. That particular provision of § 70, sub. e(1), which goes beyond the common law doctrine of estoppel, is apparently the source of appellants' confusion in the present case; there is no comparable sweeping provision in § 3a defining what are acts of bankruptcy.

In the case at bar, the bankruptcy proceeding is at the threshold stage, in which the parties are the three petitioning creditors against Lena Leveen, the alleged bankrupt; and the question is whether Lena has committed the first act of bankruptcy within the meaning of § 3, sub. a of the Act, which reads, in part, as follows:

"Acts of bankruptcy by a person shall consist of his having (1) concealed, removed, or permitted to be concealed or removed any part of *his property*, with intent to hinder, delay, or defraud his creditors or any of them, or made or suffered a transfer of any of *his property*, fraudulent under the provisions of section 67 or 70 of this Act * * *." (66 Stat. 421; italics added.)

While § 3, sub. a is thus tied in to a certain extent with §§ 67 and 70, the reference in § 3, sub. a (1) is to a forbidden transfer by the bankrupt of "his property". If he has not made such a transfer of "his property," he has not committed the act of bankruptcy in question, and cannot be adjudicated an involuntary bankrupt on the basis of such transfer. If Lena Leveen, the alleged bankrupt, held only the bare legal title to the parcels of land, as the fiduciary of her sister, then Lena's conveyance to Esther did not deplete the assets of the alleged bankrupt, and was not fraudulent as to the three petitioning creditors. See Bryce v. National City Bank, 2 Cir., 1937, 93 F.2d 300, 302; Frederick v. Baxter Arms Corp., 2 Cir., 1939, 107 F.2d 732; 4 Collier on Bankruptcy (14th ed. 1942, rev. 1954) p. 334. Granting that Lena might be estopped as to some other particular creditor from denying that she was the true owner of the two parcels of Nantucket real estate, such estoppel could not be availed of by the present three appellants who were the petitioning creditors below, for as the district court remarked estoppel "is

---

1. "A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor." 11 U.S.C.A. § 110, sub. e(1).

a personal doctrine." As against the three petitioning creditors, Lena Leveen is entitled to establish the fact, if it be a fact, that she was not the real beneficial owner of the land in question; and therefore that her conveyance to Esther was not a transfer of any of her property, and hence did not constitute the first act of bankruptcy within the meaning of § 3 of the Act.

The order of the District Court is affirmed.