(No. 33788.—

Mary Eileen Bodin *et al.*, Appellants, *vs.* James Joseph Mattingly *et al.*, Appellees.

*Opinion filed May 23, 1956.*

JOHN H. GALGANO, and PATRICK A. BARTON, both of Chicago, (LOUIS A. ROSENTHAL, of counsel,) for appellants.

CHARLES F. GRIMES, LEONARD HIGLEY, and WALTER L. MONTGOMERY, all of Chicago, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Mary Bodin and her husband appeal from a decree of the circuit court of Cook County dismissing for want of equity their suit to set aside a deed to certain real estate.

Mary Bodin's parents—Dr. Joseph Mattingly, a dentist, and Emma, his wife—jointly owned and resided in a four-flat brick building, the subject of this suit. They had two children, Mary and her brother James. In 1935 Mary resigned her job and married Edward Bodin, who was a roomer at the time in the Mattingly apartment. They continued to reside with her parents, Mary doing the cooking and housework and taking care of her mother. The mother was a heavy woman, suffering from diabetes and arthritis, and required frequent attention. In March, 1952, the plaintiffs had an argument or quarrel with Dr. Mattingly and moved out of the building. The son James, and his wife and two children, who had occupied a basement apartment in the building since 1949, then moved into his parents'

apartment. Dr. Mattingly consulted an attorney, to whom he was referred by a friend, about arranging title to the property so that upon his death it would go to Mrs. Mattingly, upon her death to James and his wife, and upon their deaths to the latters' children. Before anything was done, however, Dr. Mattingly died in the month of June, 1952.

A few weeks thereafter his widow as surviving joint tenant expressed to James a desire to place title in joint tenancy with him and his wife. At the request of James, a real estate broker visited the home of his mother, explained the procedure necessary to accomplish her purpose, and drew a deed to one Lucille Otte, an employee of a bank, as conduit of title. After Mrs. Mattingly signed the instrument the broker took it to the bank, where a proposed return deed was drawn from Lucille Otte to Mrs. Mattingly, James and his wife as joint tenants. Another employee of the bank then brought the two proposed deeds to the home of Mrs. Mattingly, took her acknowledgment, returned to the bank where the second deed was executed by the conduit of title, Lucille Otte, and then caused the two deeds to be recorded. Mrs. Mattingly died about three weeks later at the age of 68.

Plaintiffs contend there was a fiduciary relationship between the grantor and her son James, imposing on him the burden of showing an absence of fraud or undue influence. To support the contention they rely on the mother's age and physical illness, the fact that James resided with her, and the fact that he called in the real estate broker and inspected the deeds. It is evident that the testimony in this record falls far short of the clear and convincing proof required to establish a confidential or fiduciary relationship. Such a relationship does not obtain between a parent and child as a matter of law, nor is a conveyance between them presumed to be the product of fraud or undue influence from the mere fact of the relationship.

(*McCrillis* v. *Utterback,* 397 Ill. 550.) There is a complete failure to prove that James in fact occupied a position of dominance or influence over his mother, that she reposed in him special confidence or trust, or that she customarily relied on him to handle her business and financial affairs. The present contention must fail for lack of support in the record.

Plaintiffs next seek to show an oral agreement by the parents to convey an undivided half interest to them, and a performance on their part of services in caring for Mrs. Mattingly and making repairs on the premises. It is unnecessary to consider evidence of the alleged performance of services, or the defendants' contention of abandonment. The evidence fails to show, by the clear and satisfactory character required in such cases, the existence of the agreement itself. It is based entirely on statements by the deceased parents. It appears that around Christmas of 1941, after a quarrel with her parents, Mary and her husband went to a hotel for the night. On the following day, according to the testimony of plaintiff Edward Bodin, the parents told them that if they would come back they would share in the property, at least one half. Bodin further testified that in 1945 Dr. and Mrs. Mattingly told him and his wife they would share in the property after the parents' death. A sister of Dr. Mattingly testified that around Thanksgiving Day in 1946 both the doctor and his wife expressed intentions of leaving the property to their two children equally.

This testimony fails to show the terms of the agreement with sufficient clearness and certainty to warrant the decree prayed for. It does not indicate how long the plaintiffs were to reside with the parents, or what duties, if any, they were to perform. The testimony is not sufficiently certain and specific to show an obligation on plaintiffs' part, and could not warrant the relief sought. (*Wilger* v. *Wilger,* 409 Ill. 58.) Nor is the remainder of plaintiffs'

evidence of a character sufficient to remedy the deficiency. The rule is well settled that mere expressions of intention that plaintiffs should share in the property after the owners' death do not evidence the existence of a contract. *Stocker v. Scherer*, 1 Ill.2d 405.

The decree of the circuit court is affirmed.

*Decree affirmed.*