(No. 34944.—

HARRY KLASS *et al.,* Appellants, *vs.* LILLIAN HALLAS *et al.,* Appellees.

*Opinion filed March 20, 1959.*

Samuel Nineberg, of Chicago, for appellants.

Runyard, Behanna & Conzelman, of Waukegan, (William R. Behanna, and Murray R. Conzelman, of counsel,) for appellees.

Mr. Justice Hershey delivered the opinion of the court:

Lillian Hallas (nee Klass) and her sister, Florence Goldfein (nee Klass), were named grantees in joint tenancy in a deed from their father, Harry Klass, conveying certain property described as "the East Fifty (50) feet of Lot Six (6), excepting the North Seven (7) feet thereof, in Block 21, in McKay's Second Addition to Little Fort (now City of Waukegan) in Lake County, Illinois." Harry Klass, the original plaintiff, brought suit against Lillian Hallas and her husband, Steve Hallas, to revoke the deed. During the pendency of the matter before the master, Harry Klass died, and his executor, heirs, and devisees were substituted as plaintiffs, and filed an amended answer. After receiving the evidence in the cause, the master reported, concluding that a confidential relation existed between Lillian Hallas and Harry Klass at the time of the

execution of the deed, that Lillian perpetrated no actual fraud, and recommended that Lillian Hallas be decreed the owner of one fourth of the premises, and a constructive trustee of one fourth of the premises for her three sisters, Florence Goldfein, Sylvia Muskat, and Evelyn Gordon, and that Lillian Hallas recover the sum of $375, and that the terms of the last will and testament of Harry Klass are inoperative as to the property held in record title by Lillian Hallas. Upon hearing objections to the report, the chancellor found that no confidential relation existed, that there was no fraud, and decreed Lillian Hallas to be the owner of one fourth, and the trustee of one fourth for her sisters. A freehold being involved, plaintiffs appeal to this court.

Harry Klass, then a widower, conveyed the premises to the two daughters in joint tenancy on April 20, 1943, by warranty deed acknowledged before Mark Beaubien, an attorney and notary public. At about the same time an agreement was prepared, acknowledging a lifetime interest, use and possession in the property in Harry Klass, and placing a duty on Lillian and Florence on demand to convey one fourth of the property to unnamed persons, established to be their two sisters. This trust agreement was never executed.

Harry Klass stated that he occupied part of the building, that Lillian and Florence had resided with him, that he collected the rentals from the building and paid the bills. He handled his own business, except that several years ago Lillian paid some interest with money he gave her. In 1947 he learned that Lillian had married a gentile, and he demanded she reconvey the property to him. She refused and moved out. By his will he left Lillian only five dollars.

Defendants denied all material allegations and asked that the complaint be dismissed. The substituted plaintiffs amended the complaint praying the deed be declared void for fraud. The defendants denied this allegation. It was

stipulated that Harry Klass took $300 of Lillian's money to pay the expenses of this suit.

Plaintiffs contend that a fiduciary relationship existed between Harry Klass and Lillian, and the chancellor erred in casting the burden of proof on plaintiffs. They seek to have the deed declared to have been executed by Harry Klass upon the inducement of Lillian, by her representations to him, in violation of her fiduciary relation to him. Generally, a fiduciary relation exists where trust and confidence are reposed by one person in another, who, as a result gains an influence and superiority over the first. It embraces both technical fiduciary relations and those informal relations which exist whenever one person trusts in and relies upon another. It includes not only the legal and technical relations such as guardian and ward, attorney and client, principal and agent, and the like, but extends to relations which may be moral, social, domestic or merely personal. (*Suchy* v. *Hajicek,* 364 Ill. 502; *Staufenbiel* v. *Staufenbiel,* 388 Ill. 511; *Krieg* v. *Felgner,* 400 Ill. 113.) A fiduciary relation may exist between a parent and child if the necessary trust and confidence of one in the other is established so as to endow one of them with a superiority. The mere relationship of parent and child does not establish that a confidential or fiduciary relation exists between them as a matter of law or fact. (*Bodin* v. *Mattingly,* 8 Ill.2d 487.) A conveyance from a parent to a child cannot be presumed to be the product of fraud or undue influence from the fact of relationship alone. Fraud or undue influence in fact must be shown to set aside such a conveyance. *McCrillis* v. *Utterback,* 397 Ill. 550.

The facts here fall far short of proving a confidential or fiduciary relation between Lillian and the grantor. There is a complete lack of evidence that Harry Klass ever relied on Lillian in such a way as to indicate such trust and confidence as give rise to a fiduciary relation. There was thus no such relation in existence when this deed was executed.

The burden of proof thus remained upon the plaintiffs to prove fraud or undue influence. There being no fiduciary relationship established, the burden did not shift to require Lillian, as a grantee, to prove the fairness of the conveyance. Thus fraud could not be presumed to arise from a fiduciary relationship, and the plaintiffs must prove it by clear and convincing evidence. (*Carter* v. *Carter*, 283 Ill. 324; *Bernstein* v. *Bernstein*, 398 Ill. 52.) The burden of proving the allegations of the complaint to set aside the deed rests primarily upon the plaintiffs who assert them. *Brenneman* v. *Dillon*, 296 Ill. 140; *McCrillis* v. *Utterback*, 397 Ill. 550.

The master and the chancellor found that Lillian perpetrated no actual fraud inducing her father to execute the deed. The evidence is conflicting in many respects. Florence and Sylvia stated that Lillian was worried that she and Florence would be forced out of their home by their father's contemplated marriage, and suggested going to an attorney and inducing her father to convey the property by telling him it was an O.P.A. paper. They claimed that she did so tell him. Harry claimed all three sisters told him the deed was an O.P.A. paper, and that he should sign it as it was for his benefit.

Lillian, however, testified that all four sisters discussed the marriage with their father, who wanted it so arranged that he could continue to live in the property and collect the rents so long as he lived or wanted to do so, and that it should then belong to the four girls. She claimed Florence suggested they go to a lawyer, and later brought home a deed which she read to her father. She stated the deed lay in their home for a couple of weeks during which time their father insisted it be completed, and that Florence took her father to attorney Mark Beaubein and had the deed executed.

Mark Beaubein testified that he had known Florence for several years in the real-estate business, that he be-

lieved she arranged the meeting with Klass, that his office had not prepared the deed, that he believed only Florence was present at the execution of the deed with Klass, that he read the deed to Klass and explained what it was, that there was no reference to the O.P.A., and that Florence Klass was billed and paid for the legal services he performed. His testimony was confirmed in part by his secretary.

The master heard the testimony, and his report of no actual fraud was confirmed and approved by the chancellor. Consequently, the finding not being manifestly against the weight of the evidence, we would not be justified in disturbing the finding of lack of fraud in the execution of the deed. *Staufenbiel* v. *Staufenbiel,* 388 Ill. 511.

Consequently, there being no fraud or undue influence proved or presumable, and no violation of a fiduciary relation by Lillian, the deed is not voidable as charged by plaintiffs. No trust agreement or any written memorandum of trust was ever executed by Lillian. The most that is shown by the evidence is a voluntary agreement for the creation of a trust, and equity will not regard such an agreement as binding, so long as it remains executory. (*Harris Trust & Savings Bank* v. *Morse,* 238 Ill. App. 232; *McCartney* v. *Ridgway,* 160 Ill. 129.) No fiduciary relation being established or abused, and no actual fraud being proved, there can be no constructive trust. *Suchy* v. *Hajicek,* 364 Ill. 502.

The plaintiffs claim that the master's and chancellor's findings are against the manifest weight of the evidence in their determinations that there was sufficient consideration moving from Lillian to her father, because she cared for her parents and their household for 20 years, that Harry Klass knew he was signing a deed divesting himself of title, and that the alleged trust was irrevocable.

The evidence as to the services performed by Lillian for her parents during 20 years is conflicting, but the finding of the master is not against the manifest weight of

the evidence. We would not be justified in finding otherwise. Moreover, the natural love and affection of a father for his child is sufficient consideration to support the conveyance. *McCrillis* v. *Utterback,* 397 Ill. 550.

We have found that no fraud or violation of confidential relation induced Harry Klass to execute this deed, and that there is no evidence upon which the deed may be set aside or reconveyance required. Harry Klass claimed only that he was informed that the deed was an O.P.A. paper. The master, the chancellor, and this court have found otherwise. The deed is properly acknowledged and no evidence is presented which overcomes it. (*Stone* v. *Stone,* 407 Ill. 66.) There is no trust upon which plaintiffs may insist, hence the question of irrevocability, however determined by the master and chancellor is of no consequence and can have no bearing upon our determination.

However, Lillian insists and admits that her father wanted to so provide that he could have the use of the property so long as he wished, and thereafter it should belong equally to his four daughters. On cross-examination she stated that her father said there was to be a one-fourth interest each for the four girls; and that she and Florence were to hold the title for themselves and their two sisters, and not to give it back. Plaintiffs, by their amended complaint, allege that Lillian and Florence discussed the impending marriage with their father, and a plan whereby their property was to be placed in trust so that he would have full control for his lifetime, and, if he had not revoked it, to be divided at his death equally among his four daughters, but that no trust agreement was ever signed. They further allege that Harry Klass was not aware that his daughters had failed to carry the agreement into effect until shortly before he filed the original complaint.

Lillian's testimony constitutes the only evidence of any trust in the record. She admits she holds herself as trustee for her sisters in one fourth of the premises. Defendants

do not rely on the Statute of Frauds to claim outright title to one half of the property. She claims only a one-fourth interest in the premises and acknowledges that her sisters are entitled to the remainder of the property in her record title. Thus she volunteers and acknowledges an express trust in one fourth of the property for her sisters. This is not a situation wherein the beneficiaries or the settlor establish a voluntary trust, but one wherein the record title holder acknowledges that she holds one fourth as a trustee. The unexecuted trust agreement and the amended complaint support and lend credence to her acknowledgment and assumption of trust. A parol trust is obnoxious to the Statute of Frauds, but is not absolutely void. It is voidable only at the election of the trustee who may waive the benefit of the statute and acknowledge the trust. (I.L.P. vol. 35, p. 186, Trusts, sec. 16; *Gallagher* v. *Northrup,* 215 Ill. 563; *Beck Lumber Co.* v. *Rupp,* 188 Ill. 562.) This is not in conflict with the statement in *Peck* v. *Peck, post,* p. 268, decided this day, for in the case at bar the trust in real estate does not depend upon the parol agreement but upon the acknowledgment and admission of the trustee, who waives the application of the State of Frauds.

Plaintiffs, however, assert that Lillian cannot now hold herself to be a trustee for her three sisters in part of the premises, for the reason that she expressly denied she was a trustee in her verified pleadings. In her answer to the original complaint she only alleges that she was not a trustee "for the benefit of the plaintiff" Harry Klass. In her answer to the amended complaint she only denies that she is a trustee in the premises for the plaintiffs. The plaintiffs then included her three sisters, her brother, the executor, and her niece and nephew. She does not deny that she holds title to a part of the premises as a trustee for her three sisters only. Neither does she admit she is a trustee for her three sisters in any pleading. It is obvious from our opinion that had she continued to rely upon the

Statute of Frauds she could have claimed and been entitled to the entire interest in the premises presently in her name. It is odd that plaintiffs should complain of her voluntary assumption of trust, in such a situation.

Truly, her testimony that she holds a portion of the premises as a trustee for her sisters is not in strict conformity with her pleadings, but plaintiffs offered no objection thereto. It is difficult to imagine why they would want to. This testimony is not such a variance as is substantial and material, so as to constitute error. It certainly does not mislead the plaintiffs to their prejudice. (*Stowell* v. *Satorius*, 413 Ill. 482.) Moreover the allegations of a verified pleading do not constitute evidence except by way of admission. (Ill. Rev. Stat. 1957, chap. 110, par. 35.) Consequently, Lillian's answer does not preclude her testimonial admission of trust, as her denial of certain trust relationships is hardly an admission of any kind. Were the plaintiffs to succeed in this contention, they would deny themselves any interest in the premises in question, now held by Lillian.

We agree with the chancellor that while there is no trust of any kind upon which plaintiffs may insist, by acknowledgment Lillian holds one fourth in trust for her sisters, and one fourth in fee. Consequently the decree of the circuit court of Lake County is affirmed.

*Decree affirmed.*