In the Matter of John H. GERMAN, Bankrupt.

In the Matter of Eileen M. GERMAN, Bankrupt.

Nos. 15346, 15347.

United States District Court
S. D. Illinois, N. D.

May 8, 1961.

Stephen J. Covey, Peoria, Ill., referee.

Joseph Van Hooreweghe, Moline, Ill., trustee.

Bozeman & Neighbor, Moline, Ill., Reidy, Katz, McAndrews, Durkee & Telleen and Sinnett, Rink & Coryn, Rock Island, Ill., for petitioner's creditors.

George W. Crampton, Moline, Ill., for First Nat. Bank of Moline, Illinois.

Ray McLaughlin, McLaughlin & McLaughlin, Moline, Ill., for trustee.

MERCER, Chief Judge.

Petitioner, Roy O. Schiebel, Jr., a judgment creditor of the bankrupts, filed his petition to review an order entered by the Referee on May 19, 1960, overruling his objections to the allowance of the claims of Joseph E. Sersig [1] and Ethel B. Sersig, sometimes hereinafter referred to as claimants, against the bankrupts' estates and an order entered on the same date overruling his objections to the discharge of each of the bankrupts.

### On Objections to Sersig Claim.

Joseph and Ethel Sersig are the parents of the bankrupt, Eileen M. German. Over a period of time from 1949 through 1958, Joseph Sersig advanced various sums of money to the bankrupts, which was used both in the furtherance of unsuccessful business enterprises of John German and for payment of personal bills and expenses of the bankrupts. The aggregate sum of such advancements was $35,734.08. On September 4, 1958, at a time, as the Referee found, when the bankrupts were insolvent in that their obligations exceeded their assets, the bankrupts executed a promissory note in the principal amount of $35,734.08, payable to Joseph E. Sersig and Ethel B. Sersig jointly. The Sersig's filed a claim against each bankrupt's estate upon that promissory note.

The Trustee, by petitioner, filed objections to allowance of the Sersig claim on the grounds (1) that the claims were in whole or in part barred by the Illinois Statute of Limitations, (2) that the consideration for the claims was fictitious in that the sums advanced to the bankrupts by Mr. Sersig were gifts or advancements, not loans, and (3) that the creditors received a preference from the bankrupts by virtue of a conveyance to them by Eileen German of a parcel of real estate in Moline, Illinois, which the claimants had failed to surrender as a condition to the allowance of their claims.

The issue whether the sums paid by Mr. Sersig to the bankrupts were gifts or advancements, or loans is wholly a question of fact. The Referee found upon uncontradicted testimony that the transactions which were the consideration for the Sersig note were loans. The court cannot say that that finding is clearly erroneous, and the finding is, therefore, binding upon the court. Chatz v. Morris, 7. Cir., 152 F.2d 178; Lines v. Falstaff Brewing Co., 9 Cir., 233 F.2d 927; Elbert v. Johnson, 2 Cir., 164 F.2d 421.

The Referee correctly determined that the Illinois Statute of Limitations is not a bar to the Sersig claim. The running of the limitations statute must be measured from the date of execution of the note, which was well within the ten year statute. I.R.S.1959, c. 83, § 17. Although the bankrupts might, at the time when the note was given, have claimed the benefit of the five year statute, I.R.S.1959, c. 83, § 16, as a defense to a demand or suit for a part of the sums advanced by Mr. Sersig, that defense was waived by them when they executed the promissory note. Abdill v. Abdill, 292 Ill. 231, 126 N.E. 543; O'Neill v. Reaman, 335 Ill.App. 327, 81 N.E.2d 749.

The Illinois Statute of Limitations is procedural and affects only the

---

1. A motion filed January 16, 1961, reveals that Joseph E. Sersig is now deceased. For purposes of the petition for review, Ethel B. Sersig was substituted for the decedent by order entered contemporaneously with this opinion.

remedy, not the substantive rights. Seymour v. Union News Co., 7 Cir., 217 F.2d 168; Sun Theatre Corp. v. RKO Radio Pictures, Inc., 7 Cir., 213 F.2d 284; Seymour v. Union News Co., 349 Ill.App. 197, 110 N.E.2d 475. It is an affirmative defense to a claim, Wise v. Potomac Nat. Bank, 393 Ill. 357, 65 N.E.2d 767, which must be timely raised or is waived. Roe v. Sears, Roebuck & Co., 7 Cir., 132 F.2d 829; Addante v. Pompilio, 303 Ill.App. 172, 25 N.E.2d 123. The bankrupts' waiver of the defense to their oral promise to pay a part of the money loaned by Mr. Sersig is binding upon the Trustee.

The basic facts giving rise to petitioner's claim of a fraudulent conveyance and/or a preference to claimants is based upon evidentiary facts which are not disputed. In 1947 claimants acquired title as joint tenants to a parcel of real estate commonly known as 2115 13th Street, Moline, Illinois.[2] The bankrupts, husband and wife, have resided upon the 13th Street real estate since the premises were acquired by claimants. On October 1, 1958, claimants conveyed the property to Eileen German by a warranty deed which was recorded in the Land Records of Rock Island County on February 9, 1959. Thereafter, on March 26, 1959, the bankrupts reconveyed the real estate to the claimants. On May 14, 1959, upon their voluntary petitions, Mr. and Mrs. German were adjudicated bankrupts.

The Referee found that the conveyance to Mrs. German was motivated by plans shared by the claimants and the bankrupts to construct a new house in Moline in which both claimants and the bankrupts would reside; that the property was conveyed to Mrs. German to enable the bankrupts to handle the arrangements and negotiations for construction and financing of the new home; that Mr. Sersig was unwilling to undertake to make those arrangements himself because he was then suffering from serious illness; that the conveyance to Mrs. German was made upon the express agreement that the 13th Street property would be mortgaged, and, ultimately, sold to finance construction of the new home; that the whole scheme, of which the conveyance to Mrs. German was a part, was made pursuant to an agreement between claimants and the bankrupts that title to the property constituting the new home would be in Mr. Sersig; and that the bankrupts had no beneficial interest in the 13th Street property. Finally, the Referee found and concluded that Mrs. German took legal title to the 13th Street property as Trustee for the use and benefit of claimants, and that therefore her reconveyance of the premises to claimants prior to the filing of her petition in bankruptcy constituted neither a fraudulent conveyance nor a preference to claimants.

To the extent that the fraudulent conveyance or preference issue is factual, the court cannot interfere with the Referee's decision unless his findings are clearly erroneous. The evidence, which consisted largely of the testimony of the bankrupts and Mr. Sersig, was uncontradicted. Each testified that the conveyance of the 13th Street property to Mrs. German was one step of a plan to construct a new home in which both the claimants and the bankrupts would reside. In furtherance of that plan, as the evidence reveals, the bankrupts entered into a contract with McGill Homes for the construction of a residence house on premises in Moline, which are for convenience, hereinafter referred to as lot 18.[3] On January 28, 1959, Thomas McGill, proprietor of McGill Homes, conveyed lot 18 to the bankrupts in joint tenancy. Thereafter on February 2, 1959, the bankrupts obtained a construction loan from the First National Bank of Moline secured by a mortgage on lot 18. The deed to the bankrupts from McGill and the bank's construction mortgage were recorded in the Land Records of Rock Island County on

2. Lot 78 in that part of the City of Moline known as and called Emma D. Velie's Addition to said City, situated in the County of Rock Island and the State of Illinois.

3. Lot 18 in Morgan Park Addition to the City of Moline, Illinois, situated in the County of Rock Island and State of Illinois.

February 9, 1959, the same date of the recordation of the deed from the claimants to Mrs. German.

Prior to the consummation of any of the above transactions, the bankrupts were indebted to petitioner upon a promissory note executed as part of the consideration for the purchase by John German of a garage and automobile dealership. On February 24, 1959 petitioner placed that note in judgment in the Circuit Court of Rock Island County in the amount of $16,305, plus costs of suit. After that judgment was taken, as the witnesses testified, plans for the construction of a new home were abandoned. On March 26, 1959, the bankrupts reconveyed lot 18 upon which the new home was to be constructed to Thomas McGill and the 13th Street property to claimants. Thereafter, on April 23, 1959, the Bank released its mortgage on the McGill lot.

No consideration passed between the parties to either of the conveyances hereinabove mentioned. Mrs. German paid no consideration to claimants for the conveyance of the 13th Street property; the bankrupts paid no consideration to McGill for the conveyance to them of lot 18; and the bankrupts received no consideration from the claimants or McGill upon their reconveyance of the 13th Street property and lot 18, respectively.

At all times material to this petition, both bankrupts were insolvent in that their liabilities exceeded the fair value of their assets, but the Referee found that no creditor had extended credit to the bankrupts as a result of the 13th Street property being placed in the name of Mrs. German.

The Referee's material findings of fact follow the testimony of the witnesses as hereinabove summarized. Ultimately, he found that an oral trust was created in the 13th Street premises, contemporaneously with the conveyance thereof to Mrs. German. The court cannot say that those findings are clearly erroneous and they may not, therefore, be disturbed.

The Referee concluded also, that Mrs. German's record title to the 13th Street property was impressed with a constructive trust for the benefit of claimants. That conclusion is erroneous upon the facts of this case, but the validity of his ultimate decision allowing the claim is not affected by that erroneous conclusion, if, as a matter of law, he correctly decided that an express trust existed.

 Petitioner contends that an oral trust in real estate is void under the Statute of Frauds of Illinois and that such a trust cannot be recognized by this court. That is not the law of Illinois. Like the statute of limitations question hereinabove discussed, the Statute of Frauds is, in Illinois, an affirmative defense. E. g., Thomas v. Pope, 380 Ill. 206, 43 N.E.2d 1004. An oral trust in violation of the Statute of Frauds is voidable at the election of the trustee, but not void. That defense may be waived by the failure to plead or assert the defense. E. g., Reed v. Eastin, 379 Ill. 586, 41 N.E. 2d 765. Mrs. German, as trustee of the 13th Street property, waived her defense on that ground by reconveying the premises to the claimants, thereby acknowledging the existence and validity of the trust. Klass v. Hallas, 16 Ill.2d 161, 157 N.E.2d 261. That waiver of the Statute of Frauds prior to filing the petition in bankruptcy is binding upon the Trustee in Bankruptcy. The Trustee has the benefit of all defenses available to the bankrupt "including * * * statutes of frauds", 11 U.S.C.A. § 110, sub. c, but the trustee is bound by a waiver of that defense by the debtor prior to the filing of his petition in bankruptcy. 4 Collier on Bankruptcy, p. 1387.

 The critical question when a fraudulent transfer or preference of a creditor is asserted is whether the transfer removed from the reach of the trustee in bankruptcy property which should be applied to satisfaction of the claims of creditors. Section 67, sub. d(2) of the Act, 11 U.S.C.A. § 107, sub. d(2), which relates to fraudulent transfers is interpreted as relating only to the bankrupt's own property. Property held in trust by a debtor, later adjudicated a bankrupt, may be transferred without that transfer

constituting a fraud upon his creditors. Frederick v. Baxter Arms Corp., 2 Cir., 107 F.2d 732; Bryce v. National City Bank, 2 Cir., 93 F.2d 300; Strongin v. International Acceptance Bank, 2 Cir., 70 F.2d 248; cf. Capital Finance Corp. v. Leveen, 1 Cir., 217 F.2d 36. A trustee in bankruptcy merely succeeds to the rights of the debtor in property coming into his hands. If property held in trust by a bankrupt is delivered to the trustee in bankruptcy, the latter takes only the legal interest which the debtor had in the property at the time his petition in bankruptcy was filed. Such property is still impressed with the trust in the hands of the trustee. City of Dallas v. Crippen, 5 Cir., 171 F.2d 526, certiorari denied 336 U.S. 937, 69 S.Ct. 748, 93 L.Ed. 1096; Todd v. Pettit, 5 Cir., 108 F.2d 139.

In like manner, for a conveyance to constitute a preference within the meaning of Section 60 of the Act, the property conveyed must have been "the property of" the debtor. 11 U.S.C.A. § 96.

No question of estoppel arises in this case. As the Referee found, no creditor extended credit to the bankrupts in reliance upon Mrs. German's record ownership of the 13th Street property. All obligations owed by the bankrupts at the time their petitions in bankruptcy were filed had been incurred by them prior to the real estate transactions hereinabove described.

■ In this connection, petitioner relies upon the fact that he took judgment while the record title to the 13th Street property was in Mrs. German. He contends that he, as a judgment creditor, stands in the same position as a bona fide purchaser for value. That is not the law of Illinois. The lien of a judgment attaches to the actual title or interest which the judgment debtor has in land, subject to all equities in the property at the date of judgment. Mauricau v. Haugen, 387 Ill. 186, 56 N.E.2d 367; East St. Louis Lumber Co. v. Schnipper, 310 Ill. 150, 141 N.E. 542.

The Referee correctly determined that the Sersig claim should be allowed. There was no fraudulent transfer or cre-

ation of a preference which would require the Sersigs, as a condition to the allowance of their claims, to surrender the 13th Street property to the Trustee. See 11 U.S.C.A. § 93, sub. g.

### On Objections to Discharge.

The petition for review of the order discharging the bankrupts specifies grounds, as follows: (1) that the Referee's finding that the conveyance of the 13th Street property to Mr. and Mrs. Sersig was not fraudulent is erroneous; (2) that the Referee's finding that Mrs. German's failure to include the transfer of a Ford Thunderbird automobile in her statement of affairs was not knowingly and fraudulently made is contrary to the evidence and erroneous; and (3) that the Referee erred in permitting Mrs. German to amend her statement of affairs to include such transfer after notice of the transfer was called to the court's attention by specifications of objection to discharge.

Petitioner's first contention, related to the conveyance of the real estate, is governed by the disposition of the like question upon the petition for review of the order overruling objections to allowance of the Sersig claim.

The bankrupt, Eileen German, within four months prior to her adjudication as a bankrupt, transferred a Ford Thunderbird automobile to Dale Auto Lease, Inc., for a valuable and adequate consideration. That transfer was not shown on the statement of affairs of the bankrupt. On November 10, 1959, after obtaining leave of the court. Mrs. German amended her statement of affairs to show the transfer of the automobile and to show the disposition of the proceeds of that sale.

■ The Referee found that the transfer of the automobile was omitted from Mrs. German's statement of affairs because she believed, upon advice of counsel, that she only had to list transfers of real estate in response to the question as to what property had been transferred or otherwise disposed of during the year immediately preceding the filing of her original petition in bank-

ruptcy. The Referee further found that the omission of the transfer of the automobile was not knowingly and fraudulently made. The evidence amply supports those findings and they may not be set aside by the court.

■■■ There is no merit to the petitioner's contention that the Referee erred in permitting amendment of Mrs. German's statement of affairs after specifications of objection to her discharge were filed on August 3, 1959. The sixth specification of objection to the discharge of Mrs. German alleged that she had sworn falsely in executing her petition in bankruptcy in that she had omitted from the statement of her affairs the transfer of the Thunderbird automobile. On November 10, 1959, upon leave of court, Mrs. German filed an amendment to her statement of affairs showing that the said automobile had been transferred to Dale Auto Lease, Inc., Moline, Illinois, on or about February 21, 1959, for a consideration of $1,300 which was then spent by the bankrupts in the payment of bills and for current living expenses.

General Order in Bankruptcy 11, 11 U.S.C.A. following section 53, provides in part that "the court may allow amendments to the petition and schedules on application of the petitioner." That Order vests the court with a sound discretion to permit amendment of petitions in bankruptcy to correct omissions therefrom. In re Claudon, 7 Cir., 73 F.2d 876; In re Haskell, 7 Cir., 73 F.2d 879. Amendments to petitions in bankruptcy should be liberally allowed when required in the interest of justice. In re Haskell, supra; In re Seeley Tube & Box Co., 3 Cir., 219 F.2d 389. In the latter case, an implied amendment to a bankruptcy schedule was recognized and approved in the interest of justice.

In this case the petitioner's specification of objection alleged that Mrs. German had knowingly and fraudulently made a false oath in violation of 18 U.S.C.A. § 152, with reference to Section 14, sub. c(1) of the Bankruptcy Act. 11 U.S.C.A. § 32, sub. c(1). Mrs. German filed a verified response to that specification in which she alleged that the Thunderbird transaction had been omitted from her statement of affairs upon her belief, inspired by advice of counsel, that the transaction need not be listed. Upon that specification and response thereto, it was certainly within the discretion of the Referee to permit her to amend her petition to show the fact of the transfer and the disposition of the proceeds thereof. The effect of those pleadings and the amendment was to frame an issue whether the transfer had been knowingly and fraudulently omitted in the first instance.

■■■ General Order 11 places no time limit upon allowance of amendment. A liberal construction of its provisions requires that the discretion of the Referee to permit amendment at any stage of the proceeding be fettered only by the power of the courts, on review, to review the exercise of discretion for abuse.

The petition for review will be, and hereby is, denied, and the orders of the Referee approving the Sersig claim and discharging the bankrupts are approved.